WILLIAM D. STANTON, plaintiff in error, vs. DOLLY S. BURGE, Executrix of Thomas Burge, deceased, defendant in error.

[1.] The plea of *non est factum* may be filed by way of amendment on the appeal; certainly by the representative, if not by the original party.

[2.] An executor or administrator may plead *non est factum* on a note given by their deceased testator or intestate.

[3.] Though the *jurat* is not attested, yet, if it appears to have been made in open Court, it is sufficient.

[4.] It is not error in the Court to charge the jury, that, when the plea of *non est factum* is filed, the plaintiff, before he can read the note to the jury, must show, *prima facie*, that the note was the act of the defendant; and that, to recover, he must prove to the jury, with reasonable certainty, the genuineness of the paper.

[5.] When there is conflicting testimony, a new trial will not be granted because the verdict is contrary to evidence, there being sufficient proof in the case to authorize the jury to find as they did.

Debt. In Newton Superior Court. Tried before Judge SPEER. March Term, 1866.

In Newton Inferior Court, to June Term, 1860, the plaintiff brought an action against the defendant, on a note for over six hundred dollars, purporting to be made by her testator in the year 1857.

At the next term, defendant confessed judgment and appealed to the Superior Court.

In the latter Court, at March term, 1866, she filed a plea as follows:

"And now at this term of the Court comes the defendant, and by leave of the Court amends her plea, and for amendment saith that the note, the foundation of this suit, is not the act and deed of her testator, the said Thomas Burge, deceased; that, to the best of her knowledge and belief, the said Thomas Burge did not sign the same, or authorize any other person to do so for him. And of this, defendant puts herself upon the country.

JOHN J. FLOYD, Deft's. Atty.

"In open Court personally came D. S. Burge, executrix

of Thomas Burge, deceased, and on oath saith that the foregoing plea of *non est factum* is true to the best of her knowledge and belief.

Sworn to and subscribed before }
me, this 20th March, 1866.    }       D. S. BURGE."
" Filed in office 20th March, 1866.
                         A. K. RICHARDSON, Clk."

The Court ruled that this plea was a plea of *non est factum*, and filed in time; to which ruling the plaintiff excepted.

The plaintiff then introduced evidence enough of the genuineness of the note to carry it to the jury; after which some other papers signed by the defendant's testator, and proved to be genuine, as also the opinions of several witnesses, some examined as experts, and others on their knowledge of the testator's hand writing, were admitted. Some of the witnesses were introduced by the plaintiff and some by the defendant, and their opinions differed. Some independent facts tending in a slight degree to illustrate the question in issue, were also proven.

The Court charged the jury that after the plea of *non est factum* was filed, it was, to entitle the plaintiff to go to the jury, incumbent upon him to introduce evidence raising a presumption of the genuineness of the signature of the note; and that when this was done, it was incumbent upon him to satisfy the jury to a reasonable certainty that the note was the act of the defendant's testator. To this charge the plaintiff excepted.

The verdict was for the defendant; and the plaintiff moved for a new trial because the Court erred in the charge, and because the verdict was contrary to law, to the charge of the Court, to evidence, and to the weight of evidence.

The Court overruled the motion; and plaintiff excepted.

CLARK, for plaintiff in error.

FLOYD, for the defendant.

Lumpkin, C. J.

[1.] The first question made for the Court is, whether the plea of *non est factum* filed by the executrix of Thomas Burge, deceased, on the appeal was in time? It is admitted that the law requires this plea to be filed at the first term after the writ is served; still, as the Code has adopted the broad provision of the Act of amendments, passed in 1853, which authorizes the plea to be amended *at any stage* of the case, I say it is not at all certain that the original party, if in life, to wit, Thomas Burge, could not file this plea on the appeal. I am inclined to think he could. But expressing no opinion upon this subject, we have no doubt that his representative would be permitted to do so. She may not have come to a knowledge of this defence before.

[2.] The second assertion is, that the representative could not file this plea. The rules of the Superior Court adopted by the Judges in convention, allow a representative to file this plea,—she swearing to the best of her knowledge and belief.

[3.] The third point made in this bill of exceptions is, as to the sufficiency of the affidavit. It is not attested. The plaintiff *demurs* to the plea on this account. For the purposes of this argument, the demurrer admits the truth of the statements in the plea. It purports to have been made in *open Court*, which means that it was verified in *open Court*, not that it was made out of Court, or in a room of the court house, but in *open Court*, that is, that the party was sworn by the Judge himself, or by the clerk, or some one else by his authority. In either event, the jurat would be sufficient. Perjury could be assigned on it; and this is the test of its sufficiency.

[4.] The plaintiff objects to the charge of the Court. His honor, the presiding Judge who tried the case, instructed the jury, that the plaintiff, for the purpose of rebutting the plea of *non est factum*, had, presumptively, to prove

that the signature to the note was genuine, and added, before the jury could find for the plaintiff, he should show to them by the testimony, *with reasonable certainty*, that the note sued on was the act and deed of the defendant's testator. Is there anything wrong in this? If so, we are unable to discover it.

[5.] It is complained that the verdict is contrary to evidence. In this case there was a conflict of testimony, to say the least of it. It may probably have been stronger for the plaintiff than for the defendant: men's minds will differ upon this subject. But, unquestionably, there was proof enough offered to have authorized the jury to have found as they did. We cannot, upon this account, disturb their verdict.

Upon a view of the whole case, we see no sufficient reason for reversing the judgment of the Court below: on the contrary, we affirm it.