WILLIAM J. DICKSON *et al.*, plaintiffs in error, *vs.* G. & S. SALOSHIN, defendants in error.

Where it is stipulated in a promissory note that the maker is to pay counsel fees for collection, without specifying the amount, and in the suit brought on the note, a claim is set up for a certain sum as attorney's fees, a plea of the general issue filed thereto is not demurrable on the ground that it is not an issuable defense; and it was error in the court to strike the plea, especially when the judgment awarded by the court included the amount claimed for such fees.

Promissory notes.   Contracts.   Pleadings.   Before Judge BUCHANAN.   Coweta Superior Court.   September Term, 1874.

G. & S. Saloshin brought assumpsit against William J. Dickson and Thomas G. Dickson for $1,598 40, besides interest, alleging that the defendants, on January 4th, 1873, made a joint and several promissory note, whereby, on or before October 15th, thereafter, they promised to pay M. Saloshin or bearer, $848 48, for value received, and such counsel fees and costs as might be incurred in collecting the same. That said note was assigned to the plaintiffs for a valuable consideration, before due.   That the counsel fees incurred in collecting the same amounted to $85 00.   That on January 7th, 1873, said defendants made their obligation in writing, whereby, in consideration of $520 00 cash paid to them, they bound themselves to deliver to the plaintiffs, on or before December 1st, thereafter, four thousand five hundred pounds of lint cotton, and in default of said delivery to pay to the plaintiffs by the day last aforesaid $750 00, with interest from said 7th of January, at ten per cent. per annum on said $520 00.   That afterwards, when said four thousand five hundred pounds of cotton became due, the said defendants failed to deliver the same, whereby the plaintiffs became entitled to receive the sum of money aforesaid.

The defendants pleaded the general issue.   The plaintiffs moved to strike such a plea.   The motion was sustained and the defendants excepted.

Dickson *et al. vs.* Saloshin.

Upon the first note there was a credit of $321 14, of date November 8th, 1873.

The court rendered judgment for the plaintiffs for the amount sued for, including the attorney's fees claimed. To this defendants excepted.

Error is assigned upon each of the above grounds of exception.

J. B. S. DAVIS ; L. H. FEATHERSTON, for plaintiffs in error.

BIGBY & McCLENDON, for defendants.

TRIPPE, Judge.

One of the claims sued on was for $848 48, and for counsel fees stipulated therein to be paid. The amount of these fees sued for, as set out in the petition, was $85 00. On this note was a credit of $321 04, entered twenty-four days after its maturity. Of the principal there was due only about $530 00, and at the date of the judgment, principal and interest of this note, was about $560 00; and yet counsel fees to the amount of $85 00 were claimed and included in the judgment which was awarded by the court after the plea of the general issue was stricken. No fees were claimed on the other paper, and no amount for fees was expressed in the first. We have no idea that the attention of the court was called to the amount by which the judgment was increased on account of such fees, nor do we say that proper proof might not, under some circumstances, authorize the sum allowed. But we are clear that in such a case the party was entitled to his plea of the general issue. That plea would certainly have been an issuable defense on that question. We do not say that the plea of the general issue is not an issuable defense, under our system, in any and all cases. Speaking for myself, I am strongly inclined to think it is. It is true it gives the defense but a limited range, under our statute, especially when suit is brought on a promissory note. But by it the defendant comes

· fully and squarely into court, with all the rights of any other defendant as to any and all issues which the plaintiff presents, and is to sustain by proof.    Generally, this is met on the part of plaintiff by the production of his note; but there may be credits of such a character on the note which the plaintiff introduces, or other entries requiring consideration by a jury. Be this as it may, we all have no doubt that in this case it was error to strike defendant's plea on the ground that it was only a plea of the general issue.

Judgment reversed.