McLoughlin *vs.* King.

DUNCAN MCLOUGHLIN, plaintiff in error, *vs.* MARGARET A. KING, defendant in error.

When the affidavit of foreclosure of the lien of the owner of a saw mill, was lost, and the court refused to continue the case on the ground of its loss, but gave ample time for the establishment of a copy, and put the plaintiff on terms to establish the copy by a day certain, and the plaintiff did not establish the copy, nor ask for more time, nor show when he could establish it, the issue to be tried being the sufficiency of such affidavit:

*Held,* that this court will not control the court below by reversing its judgment of dismissal of plaintiff's case.

Practice in the Superior Court.    Before Judge WRIGHT. Decatur Superior Court.    May Term, 1875.

Reported in the opinion.

BOWER & CRAWFORD, for plaintiff in error.

FLEMING & RUTHERFORD, by JACKSON & LUMPKIN, for defendant.

JACKSON, Judge.

The plaintiff foreclosed his lien as saw-mill owner against defendant for lumber furnished.    The *fi. fa.* was levied, and the defendant made an affidavit of illegality on various grounds, among them upon the ground that the affidavit of foreclosure did not set out the facts necessary in law to constitute a lien.    When the case was called, the defendant moved to continue on the ground that the affidavit of foreclosure was lost; the court refused to continue for the term, but set the case down for trial on Wednesday of the next week, and required the plaintiff to have a copy of his affidavit established by that time on the penalty of having the case dismissed.    On the day appointed the copy affidavit was not established, and the case was dismissed.    The only reason assigned for its non-establishment was that the attorneys could not remember its terms; no further time was asked, nor did the counsel state when the copy could be established; on the contrary, if they could not remember the terms of the

affidavit then, it seemed doubtful if they ever could.    The older the transaction became, the less likelihood of remembering it would there be.    The affidavit was essential to a proper understanding and adjudication of the case; the issue made by defendant was its insufficiency; a copy ought to have been made; time enough was allowed the counsel to make it; no further time was asked; no prospect held out that it would be established in the future; and we therefore think the court could do nothing else than to dismiss the case.

Judgment affirmed.