M. P. JONES, plaintiff in error, *vs.*, HIRAM W. VINES, defendant in error.

1. When the defendant's attorney has withdrawn his plea from the clerk's office and it is lost, and, on the call of the case for trial, he is not prepared to establish a copy because he has forgotten the defense, and because his client is absent, these facts are not cause for a continuance.

31

2. When the court has rendered judgment for the plaintiff in a civil case, founded on contract, reciting therein that no issuable defense was filed on oath, and the record, as transmitted to the supreme court, does not contradict the recital, the judgment will not be reversed as having been rendered without authority. That a plea was filed and lost, does not contradict the recital, unless it affirmatively appears that the plea was sworn to and contained an issuable defense.

Continuance. Pleadings. Judgments. Before Judge WRIGHT. Worth Superior Court. April Term, 1877.

Reported in the opinion.

STROZER & SMITH, for plaintiff in error.

D. H. POPE, by R. N. ELY, for defendant.

BLECKLEY, Judge.

The action was complaint, on the written contracts for the delivery of cotton. It was brought to April term, 1875. At April term, 1877, it was called for trial. On the bench docket was an entry by the clerk, thus: " Plea filed at April term, 1875, and delivered to W. E. Smith." W. E. Smith was one of the attorneys for defendant. He stated that he did not have the plea among his papers, and knew not where it was; that he had not attended the court for the last two terms, and did not remember the defense; that his client was absent, for what reason he knew not; and that he could not then establish a copy, not recollecting what the plea was. As the paper was not in his possession, nor in the clerk's office, nor in court, he moved for a continuance. The court overruled the motion, and proceeded to hear evidence in support of the action, and the case being made out, judgment was rendered for the plaintiff, without a jury, the judgment reciting that no issuable defense had been filed on oath. The refusal of the continuance, and the rendition of this judgment are assigned as error.

1. In applying for continuance, the counsel asked for too

much.　The court might properly have granted reasonable time, as was done in 56 *Ga.*, 213, and doubtless would, had request been made.　But we cannot say that the court erred in refusing a continuance, and that is the precise question presented.

2. In proceeding to dispose of the case, the court did not try on the contents of the lost paper, as was attempted in 56 Ga., 592.　There was no evidence that the lost plea was sworn to, or that it set forth an issuable defense.　The judgment which the court rendered recites the absence of an issuable defense on oath, and there is nothing in the record to contradict that recital.　We cannot do otherwise than take it as true.　In a case of contract, as well as in any other case, there may still be pleas which are not sworn to, 54 *Ga.*, 117.

To call a paper a plea, does not import, *ex vi termini*, that it was upon oath.　Suppose the lost plea should hereafter be found, or that a copy of it should be established, it might be of such a character as to offer no legal impediment to the action which the court has taken in rendering judgment without a jury.　Until it, or an established copy, is made to confront the judgment, how can we know that the two are incompatible?

Cited for defendant in error, Code, § 5091; 55 *Ga.*, 475; 46 *Ib*, 398; 48 *Ib.*, 551; 56 *Ib.*, 213; Broom's Max., 163; 41 *Ga.*, 409; Code, §§ 3980, 3449, 3531, 3528, 3524.

Judgment affirmed.