## CAHN vs. NEWHOUSE.

*Non est factum* can only be pleaded at a term of the court after the first as an amendment to some plea theretofore filed.

Pleadings. Practice in the Superior Court. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Reported in the decision.

HOPKINS & GLENN; S. WEIL, for plaintiff in error.

MARSHALL J. CLARKE, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against Edward Cahn and Leo Cahn, partners, on four promissory notes, for $110.66 each, which were signed " Cahn Bros." Service of the declaration was made on Edward Cahn alone, and a return made by the sheriff that the other defendant was not to be found. The action was made returnable to the March term of the court, 1876. At the November term of the court, 1877, the case was called for trial, and the defendant, Edward Cahn, filed a plea of *non est factum*, denying the

making of the notes so far as he was concerned. There were three pleas filed by the defendant : the first was a plea of *non est factum* proper, the other was a mongrel plea, the first part of which was a plea of *non est factum*, and the other part of it alleged a full settlement and payment of the notes, etc. ; the third plea alleged that plaintiff was indebted to defendants the sum of $105.55, for money collected for them, etc.    The plaintiff demurred to the first plea of the defendant, and to so much of the second plea as denied the making of the notes, which demurrer the court sustained, and ordered the pleas of *non est factum* to be stricken.. The case then proceeded to trial, and the jury, under the evidence and charge of the court, found a verdict in favor of the plaintiff for $405.31.    The defendant made a motion for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

The controlling question in the case is, whether the defendant's plea of *non est factum* was properly filed at the trial term of the case on the statement of facts contained in the record.    The case was made returnable to the March term of the court, 1876.    There was no plea filed by the defendant at that term of the court, nor at any other term thereof until the case came on for trial at the November term, 1877.    The 2851st section of the Code requires that the plea of *non est factum*, denying the execution of the written contract declared on, must be on oath, and filed at the first term after the service is perfected. . In *Stanton vs. Burge*, 34 *Ga. Rep.*, 435, it was held that a plea of *non est factum* might be filed at a subsequent term of the court by way of an amendment to the defendant's pleadings, and the same ruling was made in *Akin vs. The Ordinary of Bartow County*, 54 *Ga. Rep.*, 59.    In the case now before us, there was no plea of the defendant to be amended, nothing to amend by, not even the general issue, for it is not shown that the defendent answered to the case at the first term of the court, and the presumption is that he did not, inasmuch as the clerk is required to keep fair and regular minutes of

the proceedings of the court from day to day, including a transcript of the judge's entry on his dockets, and the record does not disclose that the defendant answered to the case when it was called on the docket of the court. See Code, §267. In view of the provisions of the Code requiring pleas of *non est factum* to be filed at the first term of the court, we are not disposed to extend the interpretation thereof any further than has been done by this court by way of an amendment to the defendant's pleadings already filed in the case. There being no pleadings of the defendant in the record to amend by, the court did not err in sustaining the demurrer to his plea of *non est factum* filed at the trial term of the case. The defendant's pleas of *non est factum* having been properly stricken, there was no error in the charge of the court of which the defendant has any right to complain.

Let the judgment of the court below be affirmed.