## BAXTER *et al.*, executors, *vs.* BATES *et al.*

| 69 | 587 |
|----|----|
| 95 | 206 |
| 69 | 587 |
| 101 | 831 |
| 69 | 587 |
| 114 | 499 |
| 69 | 587 |
| e117 | 140 |

1. In claim cases the attorney causing the levy and prosecuting the rights of the plaintiff in *fi. fa.*, is entitled to his fees from the proceeds of the property condemned, although older liens may demand and recover the proceeds from the immediate client of such attorney. Likewise, money raised by process of garnishment is paid over to the creditors of the defendant according to the priorities of their claims, the expenses of the moving creditor being first paid *pro rata* by the creditors receiving the benefit of his diligence. But in the absence of proof of such services, where money is realized simply by levy and sale, there is no rule which gives a preference to the attorney representing the *fi. fa.* which brings the money into court to the prejudice of other liens.

2. Where a promissory note contained a promise to pay the creditor one hundred dollars with interest thereon at seven per cent., and five per cent. for attorney's fees, if the note should be collected by suit, the attorney's fees formed a part of the principal debt, to be collected on the happening of a condition, and the note was not within the jurisdiction of a justice's court. A judgment in a justice's court for the principal, interest and attorney's fees due on such a note, was void.

December 5, 1882.

Money rule. Attorney and Client. Executions. Justice Courts. Jurisdiction. Promissory Notes. Before Judge FAIN. Bartow Superior Court. January Term, 1882.

Reported in the decision.

AKIN & AKIN, for plaintiff in error.

J. B. CONYERS; J. M. NEEL; J. A. HOWARD, for defendant.

SPEER, Justice.

This was a rule to distribute money in Bartow superior court.

1 The record presents but two questions for review: First, whether a junior judgment creditor, under whose process the property is levied on, sale made and money brought into court for distribution, is entitled to commissions or reasonable fees on said fund to the exclusion of older judgment liens on said fund. The court rejected the claim, and plaintiff excepted.

In claim cases the attorney causing the levy and prosecuting the rights of the plaintiff in *fi. fa.* shall be entitled to his fees from the proceeds of the property condemned, although older liens may demand and recover the proceeds from the immediate client of such attorney. Code, §1998. Likewise, money raised by process of garnishment is paid over to the creditors of the defendant according to the priorities now established by law, the expenses of the moving creditor being first paid *pro rata* by the judgment creditors receiving the benefit of his diligence. Code, §3545.

There is a manifest equity in these provisions of our Code, for it is eminently just that, where by the services and skill of an attorney a fund has been realized, the participants in the distribution should make

compensation for services that have resulted to their advantage. But in the absence of proof of such services (and none appear in this case), we know of no rule, where the money is realized simply by levy and sale, that gives a preference to the attorney representing the *fi. fa.* that brings the money in, to the prejudice of older liens On the contrary, in the case of *Waters, sheriff, vs. Greenway Brothers & Co.*, 17 *Ga.*, 592, it was held, "Where a client does not participate in a fund brought into court, but is postponed to older liens, the attorney is not entitled to his commissions on his money."

2. The second question presented is, whether certain justice court *fi. fas.*, issued in favor of Stephens *vs.* Johnson *et al.*, were void. In each of the notes on which said judgments were rendered and *fi. fas.* issued, the debtor promised to pay the creditor "one hundred dollars with interest thereon at seven per cent., and five per cent. for attorney's fees, if the note is collected by suit."

The question presented is, did the justice court have jurisdiction to entertain suit on this contract and render judgment as he did for the sum of one hundred dollars principal, with the interest thereon, and five per cent. attorney's fees also?

The constitution, in article VI., sect. VII, and par. 11, declares: "Justices of the peace shall have jurisdiction in all civil cases arising *ex contractu*, and in cases of injuries or damages to personal property when the principal sum does not exceed one hundred dollars." It is competent for the maker of a contract to stipulate therein that he will, if suit is brought, pay such attorney fees as are usual and reasonable in enforcing payment. 54 *Ga.*, 117. In this case it is clear that the maker contracted with the payee, that in the event of a suit, he would pay him on said contract, in addition to the one hundred dollars principal with lawful interest, also the five per cent. attorney's fees, and these fees are collectible as a part of the recovery. There was no power in the court to render any

v 69—38

judgment under this contract in favor of the attorney for
the fees, but it was recoverable alone by the plaintiff. The
purpose of the recovery by the plaintiff of these fees was
clearly to reimburse himself for attorney's fees he might
pay out, or be liable for.   This recovery, then, is virtually
a recovery by the plaintiff in his own right, upon the
contract, of one hundred and five dollars, besides interest
and costs, out of the defendant, in a court whose constitu-
tional jurisdiction as to the principal sum shall not exceed
one hundred dollars.   59 Penn. St. Rep., 204.   In a case
reported in 54 *Ga.*, 117, the note stipulated for payment
of such counsel fees as might be incurred in collecting the
note.   The counsel fees were sued for in the same action,
and the court intimated upon proper proof such recovery
could be had.   In these notes the contract was between
the creditor and debtor; he could sue, and the debtor was
liable alone to him.

"All liquidated demands where, by agreement or oth-
erwise, the sum to be paid is fixed or certain, bears interest
from the time the party is liable and bound to pay them."
Code, 2056.   Here is a demand liquidated by agreement
of the parties, and in which the sum to be paid is fixed and
certain, and under the contract the condition upon which
the debtor was to be liable has occurred.   Why does not this
sum bear interest from that time ?   And moreover, being
reduced to judgment, the rule is, "all judgments in this
state bear interest upon the principal amount recovered."
Why, then, is not the judgment here for these fees a part
of the principal sum recovered, and as such, when added
to the other amount recovered as principal, does it not
exceed the jurisdiction of this magistrate's court? .

It must be borne in mind, that justice courts are courts
of limited jurisdiction ; they can only exercise such juris-
diction as is conferred by law.   But in this case, upon a
suit had upon a simple contract, a recovery has been had,
exclusive of interest and costs, against this defendant, of
one hundred and five dollars ; and while in the recovery in

the judgment made, these sums are several, yet, as an incident to both, interest is accruing thereon, and recoverable in the same judgment.

Believing, then, the magistrate had no jurisdiction to render this judgment on the contract sued upon, and the *fi. fas.* issuing thereon being void upon their face, we are constrained to reverse the judgment below.

Judgment reversed.