Hall, J.
1. Where three suits were brought in a justice’s court, two of them being on notes for one hundred dollars each and ten per cent, attorney’s fees, and the third for seventy-five dollars and ten per cent, attorney’s fees, and on appeal to the Superior Court the three cases were consolidated and tried together, and a verdict was rendered for the plaintiff for the full amount on the three notes, a motion in arrest of judgment was properly granted as to the two larger notes and refused as to the smaller. The justice’s court was without jurisdiction as to the two larger notes, and the appeal and consolidation could not confer jurisdiction, where none existed in the court from which the appeal was taken. 69 Ga., 687, 756.
2. Where cases were tried in a justice’s court and carried to the Superior Court by appeal, and no plea was filed at the first term, but at the second term after the appeal, the defendant having died, his executrix filed a plea of non est factum, and no sufficient cause for the delay was shown, the plea was properly stricken. Code, §3851.
(a) The cases in 34 Ga., 435, and 54 Id., 59, only authorized the filing of such pleas at a later date as amendments to pleas already filed, and where there was something to amend by.
(b) These requirements are as applicable to justice’s courts as to higher courts. Code, §§4148, 4149.
3. Y/here a brief of the evidence was approved and filed with the motion for new trial, and. was sent up to this court as a part of the record duly certified, and referred to in tbe bill of exceptions, this was sufficient, without attaching it to the bill of exceptions.
(a) Allowing ten days for the clerk to make out and transmit to this court, after the filing in his office of the bill of exceptions and writ of error, there was not time to return it to the last term of this court, and therefore it was properly returned to the present term.
(b) Although a person may have been named as«a party defendant to a suit in the court below, yet where he was never served and never answered, ánd no judgment could have been rendered against him, he was not a necessary party to a bill of exceptions filed by the other defendant.
(c) A record and bill of exceptions did not show the date of filing. Counsel for plaintiff in error applied for a mandamus against the clerk to supply this omission, making affidavit that the papers were handed *107 to that officer and filed in office within the time prescribed by law, and that the clerk failed to mark on them the date of filing. The clerk answered that the facts were as stated:
W. S. Wallace & Bon ; O. M. Colbert, for plaintiff in error.
Albert A. Carson, for defendant.
Held, that this was a defect which could be cured, and a motion to dismiss the writ of error for want of a proper entry of filing will be refused. Code, §4272 (c).
Judgment affirmed.