SEARCY, executrix, *vs.* TILLMAN.

1. Where three suits were brought in a justice's court, two of them being on notes for one hundred dollars each and ten per cent attorney's fees, and the third for seventy-five dollars and ten per cent attorney's fees, and on appeal to the superior court the three cases were consolidated and tried together, and a verdict was rendered for the plaintiff for the full amount on the three notes, a motion in arrest of judgment was properly granted as to the two larger notes and refused as to the smaller.   The justice's court was without jurisdiction as to the two larger notes, and the appeal and consolidation could not confer jurisdiction where none existed in the court from which the appeal was taken.

2. Where cases were tried in a justice's court and carried to the superior court by appeal, and no plea was filed at the first term, but at the second term after the appeal, the defendant having died, his executrix filed a plea of *non est factum*, and no sufficient cause for the delay was shown, the plea was properly stricken.

(*a.*) The cases in 34 *Ga.*, 435, and 54 *Id.*, 59, only authorized the filing of such pleas at a later date as amendments to pleas already filed, and where there was something to amend by.

3. Where a brief of the evidence was approved and filed with the motion for a new trial, and was sent up to this court as a part of the record duly certified, and referred to in the bill of exceptions, this was sufficient, without attaching it to the bill of exceptions

(a.) Allowing ten days for the clerk to make out and transmit to this court, after the filing in his office of the bill of exceptions and writ of error, there was not time to return it to the last term of this court, and therefore it was properly returned to the present term.

(b.) Although a person may have been named as a party defendant to a suit in the court below, yet where he was never served and never answered, and no judgment could have been rendered against him, he was not a necessary party to a bill of exceptions filed by the other defendant.

(c.) A record and bill of exceptions did not show the date of filing. Counsel for plaintiff in error applied for a *mandamus* against the clerk to supply this omission, making affidavit that the papers were handed to that officer and filed in office within the time prescribed by law, and that the clerk failed to mark on them the date of filing. The clerk answered that the facts were as stated:

*Held*, that this was a defect which could be cured, and a motion to dismiss the writ of error for want of proper entry of filing will be refused.

November 17, 1885.

Jurisdiction. Justice Courts. Pleadings. Practice in Superior Court. Amendment. Practice in Supreme Court. Before Judge WILLIS. Taylor Superior Court. October Adjourned Term, 1884.

Reported in the decision.

W. S. WALLACE & SON; O. M. COLBERT, for plaintiff in error.

ALBERT A. CARSON, for defendant.

HALL, Justice.

Tillman brought three suits in a justice's court against John Searcy and B. W. Searcy. Two of these suits were on notes for $100 each, with ten per cent added for fees to pay the expense of collection; the other was on a note for $75.00 and ten per cent as collection fees. No pleas were filed in either of these cases while pending in that court; each was carried by consent to the appeal in the superior court. Before the trial in that court, and when

one term of the court had passed after the appeal, the defendant died, and his executrix being made a party, filed to each of them a plea of *non est factum*. The cases were consolidated, and all of them tried together. On the trial, the pleas of *non est factum* were, on motion of plaintiff's counsel, stricken, because they were not filed at the return term of the several suits, and no sufficient cause was shown for not doing so. The plaintiff had a verdict for the full amount of the three notes sued on. The defendant made a motion in arrest of judgment, which was allowed as to the two larger notes, and refused as to the other, because the justice's court had no jurisdiction of said two causes, each being founded on notes for $100 and fees for collection, which were claimed in each of the same. To this judgment the defendant excepted, and alleged error, in that the court refused to arrest and set aside the entire judgment. She also moved for a new trial, which was refused, and to this refusal she excepted. The error assigned by this bill of exceptions is the striking out of the pleas of *non est factum*.

The judgments complained of by these bills of exceptions were manifestly correct.

1. The justice's court had jurisdiction of the smallest of these notes, the principal and collection fees for which it was given not aggregating one hundred dollars; in each of the other cases, these sums exceeded that amount, and the justice's court exceeded its jurisdiction in taking cognizance of them. *Baxter et al., ex'rs, vs. Bates et al.,* 69 *Ga.,* 587; *Johnson, ex'x, vs. Stephens, Ib.,* 756. The appeals and subsequent consolidation of the cases could not confer jurisdiction, where none existed in the court from which the appeals were taken.

2. The only ground of the motion for a new trial insisted on in this court was not available. No plea of any character was filed to the suits, until after the expiration of the first term of the appeal; the defendant, John Searcy, was then in life, and no sufficient reason was given for

failing to make defence to the actions. His executrix was too late in filing the pleas of *non est factum.* This must be done at the first term after service is perfected upon the defendant. Code, §3851 and citations. The cases cited for plaintiff in error from 34 *Ga.*, 435, and 54 *Id.*, 59, only authorized the filing of such pleas at a later date as amendments to pleas already filed, and where there was something to amend by. These requirements are as applicable to justice courts as to higher courts. Code, §§4148, 4149.

3. A motion was made to dismiss these writs of error upon several grounds. (1.) Because the record shows that the bill of exceptions and writ of error was not filed in the office of the clerk of the superior court within the time prescribed by law. (2.) Because no brief of the evidence was attached to the bill of exceptions. (3.) That the case was improperly returned to the present term of this court. (4.) That B. W. Searcy was one of the defendants to the suit in the court below, and was not made a party to this writ of error or served therewith.

There is nothing in the last three grounds. A copy of the written and brief of the oral testimony, as approved by the court and filed with the motion for a new trial, is sent up and certified by the clerk as a part of the record, and is referred to in the bill of exceptions, and made a part of the same.

Allowing ten days to the clerk to make out and transmit the record to this court, after the filing of the bill of exceptions and writ of error in his office, there was not time to return it to the last February term of this court. It was therefore properly returned to the present term.

B. W. Searcy, though made a party defendant to these suits, was never served, and never appeared to answer them. Against the other defendant alone could any judgment have been properly rendered.

As to the first ground of the motion to dismiss this cause, it appeared from the affidavit of counsel for plaintiff

in error, who applied for a *mandamus* against the clerk, that the papers were handed to the clerk and filed in office within the time prescribed by the statute, and that the clerk failed to mark on them the date of filing; and these facts were also sworn to by the clerk in an affidavit, which was accepted in lieu of a return to the *mandamus nisi*, issued against him to supply this omission. The act of 1881, Code, §4272(c) provides that no writ of error shall be dismissed in the Supreme Court of this state on any ground whatever which can be removed during the term to which it is returnable, and this court is thereby required to give such time during the term, even to the end of the same, as may be necessary to remove the objection, if it is such a one as can be removed. This act shows a determination upon the part of the general assembly to secure to suitors in this court a hearing of their causes, notwithstanding there may have been misjoinders upon the part of officers of the lower courts in the filing, dating and transmission of suits of errors to this court. The objection in question was one that, in our opinion, could be removed, and we think it was removed; neither the party nor his counsel in this case failed to perform any act required of them by the law, and we have neither the inclination nor power to evade or fritter away a right secured to parties by a plain statutory enactment, the purpose of which we think is unmistakable. Wherever the intention of the law-makers is apparent, it is our duty to give it effect, and we cheerfully follow and obey its mandates. There is nothing in this motion to dismiss, and it is overruled. On the merits, the judgment in each of these cases must stand.

Judgment affirmed in each case.