## COWART v. STANTON et al.

1. Where in a suit upon a due-bill the defendant failed to file any pleas until the second term after suit was brought, there was no error, upon the call of the case for trial at a subsequent term of the court, in sustaining a motion of plaintiff to strike the pleas on the ground that they were not filed at the first term of the court.

2. Where plaintiff relied for recovery upon essential facts set forth in his petition, not appearing on the face of an unconditional contract in writing which formed the basis of his suit, it was proper that a verdict should be rendered by the jury before entering a judgment in the case.

Argued April 29,—Decided May 24, 1898.

Complaint. Before Judge Sheffield. Miller superior court. October term, 1897.

*Donalson & Hawes*, for plaintiff in error.
*R. H. Powell & Son*, contra.

SIMMONS, C. J. Stanton and another brought an action upon a due-bill against Cowart, to the April term, 1896, of the superior court of Miller county. Cowart filed no plea at that term. At the October term, 1896, he filed pleas of not indebted and non est factum. At the October term, 1897, the plaintiff moved to dismiss the pleas so filed, on the ground that they had not been filed at the first term. The court sustained the motion and struck the pleas. The pleas being stricken, the court directed a verdict for the plaintiffs. To the striking of the pleas, and to the direction of the verdict, the defendant excepted.

1. Under the pleading act of 1893, as now embodied in the code, the plea of general issue can no longer be filed to a suit in this State. The same act by implication requires all pleas to be filed at the first term in order that all objections made thereto may be passed upon by the court. The plea of non est factum, even before the pleading act of 1893, had to be filed at the first term. Civil Code, § 3701. The court therefore did not err in striking these pleas.

2. The plaintiffs were heirs of W. J. Stanton. In the petition they made allegations of certain essential facts which did not appear on the face of the due-bill. If a plea had been filed it would have been necessary for the plaintiffs to have proved

these facts to the jury. In the absence of pleas, under the pleading act of 1893, the allegations of fact were admitted by the defendant, and it was a proper case for a verdict instead of a judgment by the court. *Everett* v. *Westmoreland*, 92 *Ga.* 670.

*Judgment affirmed. All the Justices concurring.*