## TUCKER *v.* CARSON.

1. That the attorney for the plaintiff in an action upon a promissory note brought in the county court agreed with the judge thereof, before the appearance term of the case, which was also the trial term, to continue the same until the next term, in order that the judge, whose term of office was about to expire, might represent the defendant, afforded no excuse to the latter for failing to file a plea of non est factum at the first term, it appearing that she had another competent attorney by whom the plea might have been filed.
2. When in such a case, no defense at all was made at the first term, there was no error, when it came on for trial on the appeal to the superior court, in striking, on the ground that it was filed too late, a plea of non est factum filed in the county court after the expiration of the appearance term.

Submitted May 19, — Decided June 4, 1900.

Appeal. Before Judge Littlejohn. Macon superior court. November term, 1899.

*J. W. Haygood, L. C. Greer,* and *J. K. Hines,* for plaintiff in error. *Greer & Felton,* contra.

LEWIS, J. Carson brought suit in the county court of Macon county, against Mrs. Tucker, on two unconditional promissory notes. This suit was made returnable to the next monthly term

of the county court, which was held on the fourth Monday in May, 1899. It appears from the record that at the time of the institution of this suit Judge Haygood was judge of the county court, and the defendant below desired his services to defend the same. His successor had already been appointed, but as Judge Haygood's term would not expire at the trial term of the case, he went to counsel for plaintiff below, and requested him to make no point on his representing Mrs. Tucker, and, as he would not get off the bench until after the May term of the county court, that plaintiff's attorney consent to allow the case to stand continued until the June term. To this plaintiff's attorney consented. It further appears from the record that the defendant was then represented by L. C. Greer, who was the first. attorney employed in her defense. At the May term of the court, to which the case was returnable and triable, there was no plea at all filed in behalf of the defendant, but after the expiration of this term, to wit on May 29, Mrs. Tucker through her counsel filed a plea of non est factum to the notes. There was no agreement had between the counsel or parties with reference to deferring the filing of a plea. It was simply agreed that the case be continued. The case was appealed from the county court to Macon superior court, and when the same was called for trial, the plaintiff moved to strike the plea filed by the defendant, for the reason the same was not filed at the first term of the county court, the plea being one of non est factum. The court sustained this motion, and upon this judgment error is assigned.

Civil Code, § 3701, provides: "A party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting. In either event, if the contract be in writing and so declared upon, the denial must be on oath and filed at the first term after the service is perfected." Civil Code, §§ 4198 and 4204, declare in effect that the practice and modes of procedure in the county court, and the effect of its proceedings, records, and judgments, shall be the same as in the superior court. Newman v. Scofield, 102 Ga. 810; Freeman v. Carr, 104 Ga. 718. In the latter case it was decided: "There was no error, on the trial of an appeal from a county to a superior court, in refusing to allow the appellant, against whom a

judgment had been entered in the lower court, to the rendition of which he had interposed no defense whatever, to file in the superior court a plea or answer to the plaintiff's action." It has been decided by this court that, a defendant having appeared at the first term of court and filed his plea of the general issue, it was competent for him to amend that plea at a subsequent term by filing a plea of non est factum. *Hayden* v. *Atlanta Factory,* 61 *Ga.* 245, and authorities cited. But in the same case it was further held: "When there is no plea filed by the defendant at the first term of the court, he can not file a plea of non est factum at a subsequent term, by way of an amendment to his pleading, because he has no plea to amend by." See also *Cowart* v. *Stanton,* 104 *Ga.* 520; *Brown* v. *Davenport,* 76 *Ga.* 800 (2); *Searcy* v. *Tillman,* 75 *Ga.* 504 (2). In the last case cited, the doctrine was even applied to a case in a justice's court which was carried to the superior court by appeal. No plea was filed at the first term, and at the second term after the appeal, the defendant having died, his executrix filed a plea of non est factum. No cause for the delay being shown, it was held that the plea was properly stricken. There is no sufficient reason given as to why this plea was not filed at the first term. There was no consent or agreement that the time for filing the plea should be postponed after the first term, and no sufficient cause is given as to why it was not filed at the first term. It is true the attorney upon whom the defendant was relying to defend the suit was then upon the bench of the county court; but it further appears that she had other counsel employed. This being a plea of non est factum filed in the county court after the expiration of the appearance term, and no defense whatever being made to the suit at the first term, it follows from the above that, when the case came on for trial in the superior court, there was no error in striking the defendant's plea upon the ground that it was filed too late.

*Judgment affirmed. All concurring, except Fish, J., absent.*