## 4565. DEAN v. REYNOLDS HOME MIXTURE GUANO CO.

The conflict between the parties as to the only two material issues in the
case was acute. These two points were fairly submitted to the jury by
the presiding judge. The verdict rendered is supported by evidence, and
for this reason the discretion of the trial court, in refusing a new trial,
can not be controlled.

DECIDED AUGUST 25, 1913.

Complaint; from city court of Oglethorpe—Judge Greer. Octo-
ber 31, 1912.

*J. J. Bull & Son,* for plaintiff in error. *Jere M. Moore,* contra.

RUSSELL, J. The Reynolds Home Mixture Guano Company sued
Mrs. S. E. Dean upon a promissory note, which stated that its con-
sideration was ninety bags of commercial fertilizer purchased by
the defendant. The defendant filed a plea of non est factum, and

17

also defended upon the ground that she had never purchased the fertilizer from the plaintiff, and that the debt, if due, was her husband's debt. The jury found for the plaintiff. The defendant adduced evidence fully supporting her defenses, and therefore, necessarily, the inquiry arises as to whether sufficient testimony was adduced in behalf of the plaintiff to authorize the jury's finding. The defendant testified that she never signed the note in question, and had never authorized any one to sign it in her behalf. The agent of the plaintiff testified that the note was signed in the defendant's presence and at her express request and direction. It was for the jury to determine whieh witness swore truly. Likewise, while the defendant testified that the guano was purchased by her husband for himself, and that she had nothing to do with the transaction (and other evidence to this effect was introduced in her behalf), we think that if the jury believed that she authorized the execution of her signature to the note, the jury would be authorized to infer, not only from the fact that she freely gave the note, but from the fact that she had been accustomed in preceding years to purchase fertilizer from the plaintiff, and from the admission that she owned the land upon which the guano was used, and from the fact that she authorized a letter "to hold the matter up for a few days and [she] would be down and arrange it," that the debt evidenced by the note was her debt, and not that of her husband.

Exception is taken to the admission of the testimony as to the contents of a letter, upon the ground that the loss of the writing was not sufficiently accounted for, but an examination of the record shows that this objection is without merit. The plaintiff's attorney testified that he had received by due course of mail a letter signed in the name of the defendant and that on a previous trial of the case he had the letter in his possession. He carried the letter to his office and it was lost. He testified that he made an "extraordinary search" in trying to find it. Upon this proof the court did not err in admitting secondary evidence as to the contents of the letter. Furthermore, there was no testimony admitted as to the contents of the lost letter except the admissions of the defendant upon that point.

The court correctly charged the jury, after fully stating the contention of the defendant, that "when the plaintiff comes into court

and introduces its note in evidence, nothing else appearing, it is entitled to recover a verdict against the defendant, because that is making out what the law calls a prima facie case in favor of the plaintiff, and if nothing else appears they are entitled to recover." Immediately following this instruction the court proceeded correctly to instruct the jury as to the defendant's plea of non est factum and her defense that the debt was that of her husband. It is true that the trial judge did not in express terms charge the jury as ruled in *Stanton* v. *Burge,* 34 *Ga.* 435, that the burden of proof is on the plaintiff to prove the execution of the note when a plea of non est factum is interposed. But it is not necessarily error to fail to instruct the jury as to where the burden of proof lies, in the absence of a timely and appropriate request for instruction upon that point.

The case presents nothing but an issue of fact, which has been adjudicated by the jury within the scope of their prerogative, and the court did not err in refusing a new trial.

*Judgment affirmed.*