### 7057.   CHEWNING *v.* TUCKER.

WADE, J.   1.   "A promise to do certain acts or perform certain services, made to induce the execution of a promissory note, though made with no intention of performance, is not such a fraud as will authorize the admission of parol evidence thereof, to vary the terms of a note which contains no such condition or stipulation." *Thomson* v. *McLaughlin*, 13 *Ga. App.* 334 (79 S. E. 182).

2. The uncontradicted testimony shows that the note sued upon was given in payment of the first premium on a policy of insurance, which was still in the possession of the defendant, who himself testified that he was then insured and was then in possession of the policy for which the note was given. Under the rulings made in *Thomson* v. *McLaughlin*, supra, and *Boykin* v. *Franklin Life Insurance Co.*, 14 *Ga. App.* 666 (82 S. E. 60), the judge of the superior court did not err in sustaining the certiorari and rendering final judgment in the case.

*Judgment affirmed.   Russell, C. J., absent.*

DECIDED APRIL 17, 1916.

Certiorari; from DeKalb superior court—Judge Smith.   October 12, 1915.

*Paul L. Lindsay,* for plaintiff in error.

*B. H. Sullivan,* contra.

---

### 7204.   FARRAR *v.* THE STATE.

BROYLES, J.   1.   The evidence authorized the charge upon the law of voluntary manslaughter.

2. There is no substantial merit in the remaining grounds of the amendment to the motion for a new trial.

3. The evidence authorized the verdict; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Russell, C. J., absent.*

DECIDED APRIL 17, 1916.

Conviction of manslaughter; from Jones superior court—Judge Park.   June 13, 1916.

*E. T. Dumas, F. Holmes Johnson,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.