8696.   MILLEN HOTEL COMPANY *v.* FIRST NATIONAL BANK OF MILLEN.

BROYLES, P. J.   1. The allegation that the defendant "has been notified of this suit, and if same is not paid by 30 day of March, 1916, 10 per cent. attorney's fees will be due," is insufficient to show that before suit the defendant was given the ten-days notice in writing of the intention to sue, and of the term of the court to which the suit would be brought, as required by the statute (Civil Code of 1910, § 4252), where suit is brought on a note, for principal, interest, and attorney's fees; and the timely special demurrer to this paragraph of the petition should have been sustained and the paragraph stricken unless properly amended.

2. The exceptions to the overruling of the other grounds of the demurrer to the petition, not having been argued in the brief of counsel for the plaintiff in error, are treated as abandoned.

3. At the appearance term of the court the defendant filed its answer, in which it admitted the execution of the note sued upon, but denied all the other allegations of the petition, and further pleaded that the note sued upon was not past due, as alleged in the petition, for the reason that, for a valuable consideration, to wit, $1,600, the plaintiff contracted to extend the time of payment of the note until November 1, 1916, but that after receiving this consideration it refused to so extend the time of payment, and failed to return to defendant the money paid as consideration therefor. The suit was brought to the April quarterly term of the court, to be held on the third Monday in April, 1916. This answer was not attacked at the appearance term, either by demurrer or by motion to strike. At the trial term the defendant offered an amendment to strike from this answer the paragraph which admitted the execution of the note, and substitute in its place the plea of non est factum. The plea of non est factum may be filed as an amendment to the original plea after the first term, provided there is enough in the original plea to amend by. *Stanton* v. *Burge,* 34 *Ga.* 435; *Cahn* v. *Newhouse,* 60 *Ga.* 51; *Hayden* v. *Atlanta Cotton Factory,* 61 *Ga.* 234 (3); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464, 468 (65 S. E. 315); *Connor* v. *Hodges,* 7 *Ga. App.* 153 (6) (66 S. E. 546). Since the pleading act of 1893 (Acts 1893, p. 56), it has been uniformly held that an answer amounting to no more than the plea of the general issue, when attacked at the appearance term by de-

murrer or a motion to strike, is not sufficient to support an amendment offered at the trial term. *Simmons Furniture & Lumber Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913). The plea in this case, however, amounted to more than the general issue, and, moreover, was not attacked in any manner at the appearance term. It was therefore sufficient to support the amendment offered at the trial term, and as the amendment was properly verified, in compliance with the Civil Code (1910), § 5640, the court erred in disallowing it.

4. The above-mentioned errors of the court rendered the further proceedings in the case nugatory, and it is unnecessary to pass upon the motion for a new trial.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1917.

Complaint; from city court of Millen—Judge Dekle. March 5, 1917.

*C. G. Reynolds,* for plaintiff in error. *A. S. Anderson,* contra.