12268.    FORD *v.* SERENADO MANUFACTURING COMPANY.

JENKINS, P. J. 1. In a suit on a written contract for the purchase-price of goods sold thereunder, a plea which is in effect no more than the general issue, when attacked at the appearance term by general demurrer or motion to strike, is not sufficient to support an amendment (*Simmons Furniture Co.* v. *Reynolds,* 135 *Ga.* 595, 69 S. E.

913; *Millen Hotel Co.* v. *First National Bank of Millen*, 20 *Ga. App.* 701 (3), 93 S. E. 253; *Smith* v. *First Nat. Bank of Marietta*, 115 *Ga.* 608, 41 S. E. 983); but if the original plea and answer sets up any valid defense, though imperfectly pleaded, it will authorize a properly pleaded amendment. *Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374 (3), 378, 379; *National Duck Mills* v. *Catlin*, 10 *Ga. App.* 240 (73 S. E. 418); *Hicks* v. *Hamilton*, 3 *Ga. App.* 112 (2) (59 S. E. 331). The defense set up in the 9th paragraph, that the plaintiff had failed to furnish certain specially printed folders as provided in the written contract, may be taken as a plea of partial failure of consideration, and as such was sufficient to save the original plea and answer from dismissal on general demurrer. Civil Code (1910), §§ 4250, 4137; *Grier* v. *Enterprise Stone Co.*, 126 *Ga.* 17 (54 S. E. 806). Such defense, as originally made and as amended so as to allege the value of the goods in question, raised an issue for the jury.

2. That part of the original answer which was in the nature of a plea of non est factum denied merely that the contract between the parties was "the same as the copy attached to the petition," without specifying the particulars in which the contract had been modified. It was therefore too vague and indefinite to furnish within itself even the basis for an amendment (*Mozley* v. *Reagan*, 109 *Ga.* 182, 34 S. E. 310; *Caudell* v. *Nabstedt*, 22 *Ga. App.* 694, 695, 97 S. E. 99), yet since the defense already referred to furnished enough to amend by, and the amendment setting up this defense distinctly shows that the contract as executed was the same as that sued upon, except that the exhibit marked "Schedule B," setting forth the prices at which plaintiff was to furnish the machines, was not attached, and that the goods sued for had not been ordered under "Schedule B," such sworn amendment would have raised an issue for the jury, and should have been allowed upon being sworn to, even after the first term (*Patton* v. *Bank of LaFayette*, 124 *Ga.* 965, 53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639; *Tucker* v. *Carson*, 110 *Ga.* 908, 910, 36 S. E. 217; *Norton* v. *Scruggs*, 108 *Ga.* 802 (2), 34 S. E. 166), were it not for the fact that by another portion of the amended plea (treated in paragraph 4 of this syllabus) the defendant, by solemn admission in judicio, in effect admits the signing of the contract as sued on. In such a case the admission and not the denial must prevail. *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464, 468 (65 S. E. 315); *Williams Mfg. Co.* v. *Warner Sugar Refining Co.*, 125 *Ga.* 408, 411 (54 S. E. 95).

3. Neither the original nor the amended ground of defense by which it was sought to set up fraud, in that the plaintiff had failed to comply with an oral contemporaneous promise of its agent to alter the terms of the contract as signed, by substituting other merchandise for that specified in the agreement, was sufficient to raise an issue of fraud, so as to modify the express terms of the written contract. *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (2) (94 S. E. 892); *Ozmore* v. *Coram*, 133 *Ga.* 250 (65 S. E. 448); *Bond* v. *Maxwell*, 145 *Ga.* 200 (88 S. E. 954), s. c. 18 *Ga. App.* 179 (89 S. E. 79); *Southern Fertilizer Co.* v. *Harrell*, 17 *Ga. App.* 642 (87 S. E. 911); *Chewning* v. *Tucker*, 17 *Ga. App.* 768 (88 S. E. 593).

4. In the answer as amended the defendant alleges that, although the plaintiff had guaranteed by the contract that the defendant would be able to sell a specified number of machines within a stated period,

it had nevertheless, after the execution of the contract, notified him in writing that the prices the defendant was to pay for the machines had been materially increased above the prices set forth by the contract, and the defendant says that for this reason he has been damaged in a stated sum represented by the difference in such prices for the specified number of machines, because it would be impossible for him to make the sales contemplated and guaranteed under the terms of the contract on account of such increase. The prices which under the contract the defendant was to pay for the machines are scheduled in the exhibit marked " Schedule B," referred to in paragraph 2 of this syllabus. Paragraph 6 of the original contract provides: "In consideration of our (my) fair and reasonable effort in promoting the sale of the Serenado, in accordance with your "Methods and Directions,' and the performance by us (me) of our (my) part of the agreement as specified herein, you agree that if we (I) have not disposed of at least twenty-six (26) Serenado Model 49 Talking Machines, or other models of equal value, within fifteen months of the date of this agreement, you will at our (my) request, refund the face value of this agreement, two hundred fifty ($250.00) dollars, with interest at 6 per cent per annum from the time of your approval of this agreement, provided that we (I) return the sample Model 49 by express prepaid, properly boxed and in reasonably good condition." *Held*: Whatever, if any, might be the rights of the defendant to recover the $250 consideration paid by him to the plaintiff, upon showing a compliance on his own part with the conditions and terms of such guaranty, his claim, if any, must be limited to and measured by the quoted paragraph of the contract, which the defendant by his pleading has not sought to do.

*Judgment reversed. Stephens and Hill, JJ., concur.*
DECIDED NOVEMBER 1, 1921.

Complaint; from city court of Macon — Judge Gunn. January 29, 1921.

*Walter DeFore, James C. Estes,* for plaintiff in error.
*Charles H. Hall,* contra.