21338.   CLUB ALUMINUM COMPANY *v.* WOODARD.

DECIDED MAY 12, 1931.

*Lawson & Ware,* for plaintiff in error.
*J. H. Milner, Will Ed Smith,* contra.

LUKE, J.   Club Aluminum Company sued J. A. Woodard for money alleged to be due it under a contract of guaranty. The defendant's answer, denying all the material allegations of the petition, was not challenged by demurrer or otherwise. Subsequently to the first term after service was perfected, the defendant, by leave of the court and by way of an amendment to his answer, over the objection of the plaintiff, filed a plea of non est factum. To the ruling allowing said plea to be thus filed an exception pendente lite was taken. The case proceeded to trial, and upon the conclusion of the plaintiff's evidence the court directed a verdict for the defendant. He moved for a new trial upon the general grounds, and upon the further ground that the court erred in refusing to admit as evidence a certain writing purporting to be the contract of guar-

308

anty upon which the suit was based. The motion was overruled, and he excepted, assigning error on the rulings stated.

■ The exception pendente lite, complaining of the action of the court in permitting the plea of non est factum to be filed after the first term, is without merit. See *Millen Hotel Co.* v. *First National Bank,* 20 *Ga. App.* 701 (93 S. E. 253); *Ford* v. *Serenado Mfg. Co.,* 27 *Ga. App.* 535 (109 S. E. 415); *Kreischer* v. *Bank of Louisville,* 32 *Ga. App.* 699 (124 S. E. 539).

■ The exception to the refusal to admit in evidence the purported contract of guaranty sued upon is so incomplete as to present no question for the consideration of this court. The plea of non est factum put upon the plaintiff the burden of proving the due execution of the contract by the defendant. So far as the ground shows, no such proof was offered, and nothing is shown to entitle the plaintiff to introduce the contract in evidence. It has been repeatedly held by this court that an exception must be complete within itself or it will not be considered.

The two exceptions considered above being the only ones insisted upon by plaintiff in error, it follows that the judgment should be affirmed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*