## BURNS v. CONDON.

SIMMONS, C. J.   Where a defendant, in his answer to a petition filed in orderly and distinct paragraphs as required by statute, denies only the facts alleged in two paragraphs of the petition and does not undertake to deny other allegations in the petition which are entirely inconsistent with the truth of the denial set up in the answer, and the plaintiff moves to strike the answer on this ground, it is not error for the court to strike the answer after giving the defendant ample opportunity to amend the same.                    *Judgment affirmed. All the Justices concurring.*

Argued May 23, — Decided July 20, 1899.

Complaint.   Before Judge Reid.   City court of Atlanta. November term, 1898.

*T. C. Battle* and *W. I. Heyward*, for plaintiff in error.
*John C. Reed*, contra.

---

## BOYNTON v. PELHAM.

LUMPKIN, P. J.   The question at issue being whether or not the wages of a clerk employed in a railway company's office were subject to garnishment, and he being, under the evidence, an employee whose services under his contract consisted " mainly of work requiring mental skill or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor," he should not, under the rule laid down in *Oliver* v. *Macon Hardware Company*, 98 *Ga.* 249, and followed in *McPherson* v. *Stroup*, 100 *Ga.* 228, have been classified as a "laborer."   Accordingly, the jury in the magistrate's court correctly found that his wages were subject to the garnishment, and the superior court erred in sustaining the certiorari and setting their verdict aside.

*Judgment reversed. All concurring, except Fish, J., who was disqualified.*

Argued May 19, — Decided July 22, 1899.

Certiorari.   Before Judge Lumpkin.   Fulton superior court. September term, 1898.

*Jeremiah A. Clarke*, for plaintiff.
*Arthur Heyman* and *Eugene Dodd*, for defendant.