## WILLIAMS MANUFACTURING COMPANY *v.* WARNER SUGAR REFINING COMPANY.

When the allegation of the plaintiff's petition, that the defendant is indebted to him in a stated amount upon an account, a copy of which is attached to the petition, is admitted by the defendant's answer, and when the case is submitted to the jury there is no plea of set-off or recoupment, and the only plea left in the case is one which presents no legal defense to the action, it is not error for the court to sustain a motion to direct a verdict in favor of the plaintiff for the amount sued for, although such plea has not been demurred to and evidence has been introduced to support it.

Argued February 27,—Decided May 16, 1906.

Complaint.　Before Judge Willis.　City court of Columbus. August 19, 1905.

The Warner Sugar Refining Company, a foreign corporation, sued the Williams Manufacturing Company, a corporation of this State, upon an account for $482.01, the price of sixty barrels of forty-two per cent. mixing glucose, sold by the plaintiff to the defendant. The petition was paragraphed, and attached thereto was a copy of the account sued on.　In the answer, which was also paragraphed, the defendant first admitted the correctness of the account sued on, and that it was indebted to the plaintiff the amount thereof.　It then alleged, that on December 22 and 23, 1903, it purchased from the plaintiff three hundred barrels of the glucose, at $1.77 per hundred pounds, "shipment thereof to be made by plaintiff not later than January 31, 1904;" and "that the offer by defendant and acceptance by plaintiff were by telegraphic dispatches and letters;" that "under said contract plaintiff shipped defendant 120 barrels of glucose, which were received by defendant, 60 barrels of which were paid for by defendant, the remaining 60 barrels being the subject-matter of plaintiff's petition;" and that plaintiff wholly failed and refused "to fulfil the remaining portion of said contract."　Then, in three separate paragraphs of the answer, the defendant set forth a claim against the plaintiff for damages alleged to have been sustained in consequence of the failure of the plaintiff to completely perform the

contract, and prayed that the amount of such damages should be set off against the amount of the plaintiff's claim.   In an amendment to the answer, the defendant also pleaded "that the contract between plaintiff and defendant was an entire contract, and that, same having been broken by plaintiff, the plaintiff is not entitled to recover the amount sued for, or any portion of said contract;" and, based upon this plea, there was a prayer that the defendant should have judgment in its favor.

At the trial the plaintiff moved to strike the paragraphs of the answer wherein the defendant claimed to have been damaged by reason of the plaintiff's failure and refusal to completely perform the contract, "upon the ground that defendant's pleading did not show any difference between the price of glucose on January 31, 1904, and the price named in the contract." The court sustained this motion and struck these paragraphs of the answer, "and the case proceeded to trial, under this ruling of the court, with such paragraphs stricken." From the evidence it appeared that the sale had been negotiated by telegraphic-dispatches, which the defendant contended contained the whole of the contract; while the plaintiff claimed that a certain letter which it wrote to the defendant, confirming the sale, formed an essential part of the contract. In this letter of confirmation there was a stipulation that in the event the seller should be prevented from delivering any portion of the goods by reason of fire or accident in any part of its factory, it should not be liable in damages to the buyer for non-delivery of such portion of the goods. The plaintiff, over the objection of the defendant, introduced this letter and similar letters referring to other transactions of like character between the parties, and sought to show that after it had delivered the 120 barrels of glucose which the defendant admitted receiving, its obligation to deliver the balance of the goods had been terminated by a fire and explosion which occurred in its factory, of which it promptly notified the defendant. After "the evidence was all in and both sides had closed, the court, upon motion of plaintiff's counsel, directed a verdict in favor of plaintiff, and verdict and judgment were thereupon rendered" against defendant for the amount of the account, with interest thereon. The defendant made a motion for a new trial, which was refused, and it excepted. The motion, in addition to the general

grounds, assigned error because the court "denied to defendant the right to opening and conclusion, although defendant claimed said privilege before the introduction of any evidence;" and also assigned error upon the admission in evidence of the letter of confirmation above referred to, and upon various other rulings of the court in admitting or excluding evidence.

*C. R. Williams,* for plaintiff in error.    *C. E. Battle,* contra.

FISH, C. J.    (After stating ·the facts.)    In the view that we take of this case, there is only one question to be determined, and that is, whether the court erred in directing the verdict in favor of the plaintiff.    The defendant did not except to the ruling of the court which sustained the motion to strike the plea of recoupment. Therefore the question whether the court was right or wrong in this ruling is not before us for consideration.    When this plea was stricken, every vestige of a legal defense to the suit was swept from the case.    As the case then stood, the allegation of the petition that the defendant was indebted to the plaintiff upon the account sued on in the amount therein stated was admitted by the defendant, and against this admitted indebtedness and liability to the plaintiff the defendant could offer nothing for the purpose of showing a counter-claim in its favor against the plaintiff, to prevent a recovery by the latter or to reduce the amount thereof.    All the subsequent proceedings prior to the direction of the verdict in favor of the plaintiff are immaterial, and the rulings of the court in reference to the order of the argument and the admissibility of evidence need not be considered, as they did not affect the merits of the case one way or another.    When the case went to the jury there was practically no issue to try.    The plaintiff's claim was admitted, and there was no need for it to offer evidence to establish it.    On the other hand, the defendant being bound by its solemn admission in judicio, and having no plea before the court and jury under which it could prove a counter-claim against the plaintiff to offset this admission, could not legally introduce any evidence for the purpose of defeating, either in whole or in part, the recovery sought by the plaintiff. While the trial went on and evidence was offered by both parties for the purpose of showing what the contract was and whether or not the plaintiff had broken it, and the defendant offered evidence to show what its damages were in consequence of the failure of the plaintiff to deliver all of the goods embraced in the contract, yet it

is evident that there was nothing left in the pleadings to which any
of this evidence was germane, unless it be the plea that the plaintiff
had broken an entire contract, and therefore was not entitled to
recover for a part performance of the same; and as this plea pre-
sented no legal defense whatever to the action, it could be disre-
garded by the court, either by the exclusion of evidence offered to
support it, or by the direction of a verdict in favor of the plaintiff.
*Crew* v. *Hutcheson,* 115 *Ga.* 511. That this plea set up no legal
defense is evident for two reasons. First, the defendant could not
both admit and deny the allegation of its indebtedness to the plain-
tiff on the account sued on; and as its pleadings are to be taken
most strongly against it, it is the admission and not the denial
which must prevail. It admitted that it was indebted to the plain-
tiff upon the account sued on in the full amount thereof, and upon
this admission claimed the right to the opening and conclusion in
the case. It could not, in the face of this admission, contend that
it had never become liable to the plaintiff in any amount whatever
for the goods embraced in this account. *Fisher* v. *Jones Company,*
108 *Ga.* 490. Besides, the plaintiff's petition was paragraphed in
conformity to the pleading act, and under that act the averment,
plainly and distinctly made in the petition, that the defendant was
indebted to the plaintiff on the account sued on in the amount
therein stated, had to be taken as true, unless the defendant ex-
pressly denied it, or alleged that for want of sufficient information
it could neither admit nor deny this allegation. It could not both
admit and deny; for even if the denial could be construed as de-
stroying the force of the admission, the admission would likewise
destroy the force of the denial, and the averment of the plaintiff's
petition would have to be taken as true, because of the failure of
the defendant to distinctly deny it, or to allege that it was unable
to either admit or deny for the want of sufficient information. In
the second place, the plea of non-liability because of the alleged en-
tirety of the contract of sale and the failure of the plaintiff to com-
pletely perform it was obviously without merit and frivolous, because
the defendant admitted that it had received the goods covered by
the account, and it made no offer to return them. The buyer can
not accept and retain a portion of the goods embraced in a contract
of sale, and at the same time escape liability for the price of such
goods upon the ground that the contract was entire and the seller

had broken it by failing to deliver all of the goods. Failure upon the part of the seller to completely perform an entire contract of this character would give the buyer the right to rescind the contract; but in order to rescind he would have to return, or, if this were impossible, pay for, the goods which had been delivered to him. He could not keep the goods which he had received under the contract, and at the same time refuse to pay for them, merely upon the ground that the seller had broken the contract by failing to deliver all of the goods embraced therein. Civil Code, § 3712; *Miller* v. *Cotton,* 5 *Ga.* 341; *Lane* v. *Latimer,* 41 *Ga.* 171; *Willingham* v. *Hooven,* 74 *Ga.* 233; *Cleckley* v. *Mutual Fidelity Co.,* 117 *Ga.* 466; *Strickland* v. *Parlin,* 118 *Ga.* 213; *Harden* v. *Lang,* 110 *Ga.* 392; *Harris* v. *Daly,* 121 *Ga.* 511.

As the plea relied upon by the defendant, after the plea of recoupment was stricken, was wholly without any legal merit, the court did right to sustain the motion to direct a verdict in the plaintiff's favor, although this plea had not been demurred to by the plaintiff and the trial had proceeded under it as if it really presented a legal defense to the action. As we have already intimated, a trial judge may, during the progress of the case, treat a plea of this character as a mere nullity and take any necessary and proper step to prevent a finding thereon. "This may be accomplished either by striking the plea, if a motion is made to this effect, by ruling out evidence which is offered in support of the plea, or, if evidence has been admitted, by directing a verdict for the plaintiff, notwithstanding the plea and the evidence offered in support thereof. A plea which does not set forth anything which is in law a sufficient reason for defeating the right of the plaintiff to recover upon a petition which sets forth a cause of action should not, even if proved to be true, be allowed to have the effect to defeat the plaintiff in his right to recover, provided the plaintiff calls attention to the fact that the plea is bad in substance, during the progress of the trial before verdict, or makes a timely motion after verdict to disregard the verdict finding in favor of the plea; and this is true notwithstanding the plaintiff has passed over the plea which is bad in substance without demurring to the same prior to the trial." *Crew* v. *Hutcheson,* 115 *Ga.* 511, 534. In the case just cited a full, elaborate, and able discussion of this question of practice, and a collation of authorities thereon, will be found in the concurring portion of the opinion

which Mr. Justice Cobb delivered for himself and the present writer, from which opinion the language quoted above is taken. We deem the conclusion there reached on this question by the majority of the Justices then presiding to be eminently sound, and to need no further argument in its support.

*Judgment affirmed. All the Justices concur.*