303. BEDINGFIELD & CO. *v.* BATES ADVERTISING CO.

1. While it is error to strike an entire plea when any portion thereof is good, still an answer of the defendant may properly be stricken when the denials contained in the answer to a petition filed in orderly and distinct paragraphs are entirely inconsistent with the admissions made by him in the same connection.

2. Where a defendant denies the allegation of indebtedness on an account sued on, but at the same time admits all of the averments of the plaintiff's petition necessary to constitute such indebtedness, the admission, and not the denial, must prevail, as pleadings are to be taken most strongly against the pleader.

3. Where a petition sets forth a cause of action in orderly paragraphs, and the plea and answer thereto set up no ground of defense, the court may, at any stage of the trial, give the case such direction as will disregard the plea.

Complaint from city court of Macon—Judge Hodges. September 8, 1906.

Argued May 1,—Decided May 28, 1907.

*Nottingham & Cabaniss,* for plaintiffs in error.

*Steed & Ryals,* contra.

RUSSELL, J. The Bates Advertising Company sued Bedingfield & Co. for a balance of an account arising upon a written contract. The defendants except to the striking of their answer on demurrer; and the only question for our consideration is whether the judge of the city court erred in sustaining the demurrer.

The Bates Advertising Company, in its petition, averred that Bedingfield & Co. were indebted $135 and interest, upon an account and contract. Attached to the petition were a bill of particulars and the contract relied upon. The bill of particulars specified that Bedingfield & Co. were indebted for "services rendered on mail service work (cancellation clause at the rate of $15 for

each piece), $180," and were entitled to credit for payments of $15 December 30th, January 30th, and February 27th, respectively, making $45 in all, and leaving a balance due of $135. The plaintiff also attached, as part of its petition, three letters received from the defendants, inclosing the above payments, in one of which the inclosure is referred to as "being this month's payment for services rendered," in another as "being second payment of our account," and in the third and last letter the inclosure is described as "third payment on our contract." The cause of action was predicated upon the contract, which was specially pleaded and attached to the petition, together with a letter from the defendants, availing themselves of a conditional release provided for in the contract. The order or contract relied upon by the plaintiff (and admitted by the defendants in their answer) is as follows:

"Macon, Ga., Oct. 24, 1904.

"The Bates Advertising Company, Spruce and William Sts., New York City. Gentlemen:—You may enter our order for a special advertising service to be sent out 12 times during a period of 12 months to a list of 3,000 names. This service is to consist of a special business-getting plan covering 12 mailings; all these mailings to be fac-simile typewritten letters, large illustrated cards, or special illustrated folders, at your discretion. The price of service to be $80 per month for a period of 12 months. It is understood that the order of mailing and the character of matter is to be whatever in your own judgment will produce the best results. It is understood that all reading matter, sketches, designs, and dummies are to be submitted at one time for our approval or criticism. Should we for any reason decide at this time not to proceed further with the work, we are to be released from this order, on condition that we return all matter and designs to you within 10 days and pay for the work at the rate of $15 for each form of letter, card, or folder. It is understood that the above price includes the formulating of the business-getting plan, the preparation of reading matter, making designs, making necessary electrotypes, printing all matter, folding (in the case of letters, inclosing in envelopes and sealing), addressing and fixing of stamps (but does not include postage), and mailing. If matter is to be mailed from our office, these prices are f. o. b. cars, New York. This price does not include letter-heads and envelopes,

which will be furnished from our regular stock, but does include inserting individuals' names at the heads of the letters.

"Yours truly, [Signed] Bedingfield & Co."

Under the clause allowing a conditional release, the defendants, on December 6, 1904, wrote the plaintiffs: "We fear that the expenditure involved in getting out the circulars as contemplated by you in the sketch submitted to us would be larger, after figuring the postage, etc., than we feel warranted in expending. We will therefore pay you for the sketches submitted at the price stipulated in the contract."

The defendants denied indebtedness in any sum, but admitted that they entered into the contract above set forth. They specially pleaded that the plaintiff did not furnish them with letters and advertising matter specially designed for them, or specially designed by Mr. Charles Austin Bates. The answer insisted that the matter furnished the defendants was of like character and kind with that furnished to other parties with whom the plaintiff had contracted. The defendants further admitted that they decided and elected not to proceed further under the contract, and averred that the forms submitted to them were of such nature and character that they did not feel warranted in expending the large sum necessary to mail them to their customers. They averred that on December 6th, at the time they declined to proceed further with the advertising scheme, they had not had opportunity to thoroughly investigate the character of the matter submitted to them by the plaintiff, other than to see that the same was of poor quality and not the work the plaintiff had contracted to furnish. The defendants admitted the contract, the submission of specimen, and the payments, and admitted writing all the letters attached to the plaintiff's petition, but insisted that the letters were not special letters prepared for their exclusive use, and especially that they were not prepared by Charles Austin Bates, and asked to recoup the $45 paid by them. The only ground of defense set up by the defendants, then, was that the plaintiff failed to comply with the terms of the contract, in that the form submitted had not been specially prepared for defendants by Charles Austin Bates.

The plaintiff demurred to this defense, as variously repeated in the fourth, fifth, sixth, seventh, ninth, and twelfth paragraphs of the answer, on the ground that the provisions embodied in the

defense, not being expressed in the written contract and being in conflict with it, constituted an attempt to add to, vary, and contradict by parol the terms of a valid written instrument. Upon inspection of the pleadings we think there can be no question that this ground of the demurrer was well taken and properly sustained. The answer does not seek to reform the contract (and, indeed, the city court had no jurisdiction to do so) ; nor does it set up that there was any fraud, accident, or mistake; nor does it allege that the provisions sought to be added were embodied in a written contemporaneous agreement or in a subsequent parol agreement, or that the written contract is either incomplete or ambiguous.  The provisions which the answer sought to add are in conflict with the written contract, which distinctly provides that the character of the matter is to be whatever in plaintiff's judgment will produce the best results, and there is nothing in the contract providing that "matter of like character and kind" should not be furnished by plaintiff to others, nor that the matter furnished to the defendants should be the work of Charles Austin Bates.  These new and distinct provisions were limitations on the rights of plaintiff under the contract, and could not be added without reforming it.

The plaintiff also demurred on the ground that the answer distinctly admitted that the reading matter and sketches for designs were submitted to the defendants for approval, and the work was approved and accepted and agreed to be paid for at the less price under the contract; the defendants electing the smaller price on account of the expense, and thereby waiving any defects which had been discovered.  In the seventh paragraph of the answer, notice at the time of submission of the character of the work is admitted, because it is averred that the defendants saw that the work was of poor quality, and not of the kind the plaintiff had contracted to furnish.  We think, therefore, that as to this ground the demurrer was properly sustained.  It is true that the answer denies acceptance, but it clearly admits all the facts necessary to constitute an acceptance, to wit, the submission of the matter for approval and the writing and sending of the letter making the election and giving the reason why they preferred to pay $180, rather than $960.  The defendants'. denial of acceptance being inconsistent with the facts admitted by them, there was no error in striking on demurrer that portion of defendant's plea.  "Where

a defendant, in his answer to a petition filed in orderly and distinct paragraphs, . . . does not undertake to deny allegations in the petition which are entirely inconsistent with the truth of the denial set up in the answer, and the plaintiff moves to strike the answer on this ground, it is not error for the court to strike the answer after giving the defendant ample opportunity to amend the same." *Burns* v. *Condon,* 108 *Ga.* 794, 33 S. E. 907. "The defendant could not both admit and deny its allegation of its indebtedness to the plaintiff on the account sued on; and, as its pleadings are to be taken more strongly against it, it is the admission, and not the denial, which must prevail." *Williams Mfg. Co.* v. *Warner Refining Co.,* 125 *Ga.* 411, 54 S. E. 96.

The plaintiff further demurred to the answer, as we think properly, upon the ground that the defendants, after admitting the writing of the letter of December 6th, attempt in their answer to set up other reasons for declining to go on with the service than that expressed in their letter. It seems to us that the reason why they agreed to pay the very amount for which they are being sued would be immaterial in any view of the case; but, however this may be, as they admit the letter, they are estopped from setting up other reasons not assigned in that letter. *Fenn* v. *Ware,* 100 *Ga.* 563, 28 S. E. 238; *Cowdery* v. *Greenlee,* 126 *Ga.* 786, 55 S. E. 918 (1). "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold. He is estopped from doing it by a settled principle of law." 2 Herman on Estoppel, 947.

The demurrer to the answer on the ground that the defenses that the sketches submitted were not made by Charles Austin Bates, and were not specially made for the defendants, were insufficient in law, was properly sustained, because the defendants' admission showed that under the election made by them the sketches submitted were to be returned to the plaintiff at the end of ten days, and under the election it was immaterial whether these sketches were the work of Bates, or whether they were similar in character to other sketches sent out by the plaintiff. We see no error in sustaining the special demurrers to which we have referred; and when the special defenses had been thus stricken, as

there was nothing left in the answer except denials inconsistent with the admissions, these, too, could properly be stricken, under the principles so clearly announced in the *Williams* case, 125 *Ga.* 408, 54 S. E. 95, to which we have previously referred, and the judgment rendered was an inevitable consequence.

We find no error in the rulings complained of. Neither rescission nor recoupment was properly pleaded; and, indeed, neither could be pleaded, under the admissions made by the defendants. The defendants, according to the answer, got nothing for their money; but, if they were bitten by an empty scheme, it was their own fault. They admit the contract, the submission of the sketches, and the letters confirmatory of the first contract and affording evidence of the second. They expressly accepted the work at the price stipulated in the contract. They filed no plea of failure of consideration. The litigation reached its only legitimate termination.

*Judgment affirmed.*