1268.   CITY OF MOULTRIE *v.* SCHOFIELD'S SONS CO.

1. Pleadings are construed most strongly against the pleader, and where a plea both admits and denies the execution of a contract which binds the pleader and the adverse party to mutual obligations, the admission, and not the denial, must prevail.

2. If an order be given to a manufacturer or dealer for a specific article of a known and recognized kind, and if the defined and described article be actually supplied, there is no implied warranty that it will answer the purpose for which it is intended by the buyer.

3. Where a plea of fraud, stripped of conclusions of law, fails to set forth specific facts amounting to fraud, it may properly be stricken on demurrer.

4. If in a contract of purchase the buyer agrees that his retention of the article for more than thirty days without written complaint to the seller "shall be a waiver of all complaints, defects or damages," failure to give the prescribed notice precludes the seller from setting up that the article is defective.

5. After the demurrers to the defendant's pleas had been sustained, in view of the admissions remaining, there was no error in entering up final judgment for the plaintiff.

Complaint, from city court of Moultrie—Judge McKenzie. June 29, 1909.

Argued October 27, 1908.—Decided July 31, 1909.

J. S. Schofield's Sons Company sued the City of Moultrie on a promissory note, for $2,317.70. The defendant filed an answer, certain portions of which were stricken on demurrer; and three amendments to the answer were stricken on the ground that they were insufficient in law. The defendant excepts to these rulings, and also to the final judgment rendered in favor of the plaintiff. In the answer the execution and delivery of the note was admitted, and it was also admitted that the note was the property of the plaintiff, that notice of intention to sue and claim attorney's fees had been given, and that the note was past due and unpaid. The defendant further pleaded failure of consideration, and, as a part of this plea, a contract between the plaintiff and the defend-

ant was set forth, which, so far as material to the issues involved, contained the following stipulations: The article purchased by the City of Moultrie and contracted to be delivered by the J. S. Schofield's Sons Company was described in the following language: "1 Morrison patented internal furnace boiler, 96 inches in diameter with 70 3-½ by 12' 6" long flues special fronts, doors, liners, furnace liners, and all necessary castings, coal burning grate bars, water column fitted to boiler with steam and glass water gauges and gauge cocks, safety valve, stack and guy wire, boiler complete with all fittings and fixtures ready to set up as per blue print No. 374." The first paragraph of the contract provided that on demand of J. S. Schofield's Sons Company notes would be given by the City of Moultrie for all deferred payments, bearing interest from date of shipment at 8 per cent., reserving title in the J. S. Schofield's Sons Company, and containing the other usual stipulations in notes they customarily take in such transactions. The fourth paragraph of the contract was as follows: "Retention of said property for thirty days without written complaint given to and received by J. S. Schofield's Sons Company shall be a waiver of all complaints, defects, or damages." The eighth paragraph provided: "All the machinery specified in this order is understood to be expressly guaranteed to be first class of its kind in the material and workmanship, and, if properly set, run, and rightly managed, to be capable of performing all the functions for which it is reasonaby suited." The eleventh paragraph stipulated: "No representations, conditions, or warranties not expressly stated in this order shall be binding on either party." This contract was specially pleaded as follows: "Defendant shows that the consideration for said note was a certain steam-boiler described as set forth in a certain contract, a copy of which is hereto attached marked Exhibit 'A.' . . The contract was executed by J. F. Monk, mayor, representing the defendant, for the boiler as set out above and as described in said contract. The defendant also filed a plea in the nature of a recoupment. In the first amendment to the answer the defendant sought to set up the defense of non est factum, in the following language: "Defendant amends paragraph 2nd of its original answer, and shows, in addition to the other facts set out therein, that the note sued on was executed by J. F. Monk, mayor, without any authority for so doing; that

the said J. F. Monk had no authority whatever for executing said note and was in no way authorized to bind defendant by the execution of the same. The only authority delegated to said Monk was to see the plaintiff with reference to the purchase of a boiler which would supply the need of defendant for more power, which was needed to operate the plant, and that said Monk was not authorized in any way to bind defendant by the execution of any instrument of writing, and the defendant shows further in this connection that the execution of said note by the said J. F. Monk has never been ratified by the city council of said City of Moultrie. Defendant amends paragraph 4 of its original answer and shows that the said J. F. Monk, mayor, executed the contract referred to in subsection A thereof without any authority for so doing, and that the same has never been legally ratified so as to be binding upon the defendant. Further amending said paragraph, defendant shows, in addition to the fact set out, that the city council of said City of Moultrie authorized and directed said mayor to go to Macon and see plaintiff with reference to the purchase of a boiler such as is described in said original plea, to wit, a boiler that would easily and economically develop 150 horse-power, and, when necessary, 175 horse-power, and that said J. F. Monk had no right or authority to negotiate for any boiler that would not measure up to the requirements in the name of this defendant, nor to execute any kind of a written contract or note to bind this defendant. In the execution of the note sued on and the contract set out in said original answer the said J. F. Monk exceeded his authority, and this defendant is not bound thereby." In the second amendment it was urged that the note was not the act of the defendant, and that no one was authorized by it to execute said note, and also that the execution of the note had never been ratified by the defendant. The third amendment struck from the original answer all allegations tending to show any warranty other than the warranty expressed in the contract, and also set up that the note in question was procured by fraudulent representations.

By the demurrer the plaintiff contended, that the defendant was limited to pleading a breach of the express warranty contained in the contract of purchase; that all antecedent negotiations and representations were merged in the written contract; and that so

much of the defendant's answer and the amendments thereto as related to representations that the boiler would develop 150 horsepower should be stricken.

*Edwin L. Bryan*, for plaintiff in error.

*Hardeman, Jones & Johnston*, contra.

RUSSELL, J. (After stating the foregoing facts.)

The court properly sustained the demurrer to the original answer and to the amendments thereto. The first amendment, denying the authority of the mayor to sign the name of the city to the note, was inconsistent with the distinct allegation and admission of the defendant in the second paragraph of the original answer, to the effect that the execution of the note by the defendant was admitted. Furthermore, in several paragraphs of the original answer, it is averred that J. F. Monk executed the contract and the note as the representative of the city and by its authority. It is, of course, well settled that the defendant has a right to file as many inconsistent pleas as he deems necessary. Civil Code, §5052; *Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 536 (4 S. E. 921). But a suitor may always take advantage of the admissions of his adversary, and by his solemn admission in judicio a party is bound, and consequently, "where a defendant, in his answer to a petition filed in orderly and distinct paragraphs as required by statute, denies only the facts alleged in two paragraphs of the petition, and does not undertake to deny other allegations in the petition which are entirely inconsistent with the truth of the denial set up in the answer, and the plaintiff moves to strike the answer on this ground, it is not error for the court to strike the answer after giving the defendant ample opportunity to amend the same." *Burns* v. *Condon*, 108 *Ga.* 794 (33 S. E. 907). Or, as held by this court, in *Bedingfield* v. *Bates*, 2 *Ga. App.* 107, 110 (58 S. E. 320), this denial of authority being inconsistent with the facts admitted, there was no error in striking that portion of the defendant's plea on demurrer.. In *Williams Mfg. Co.* v. *Warner Refining Co.*, 125 *Ga.* 411 (54 S. E. 95), the Supreme Court said: "The defendant could not both admit and deny the allegation of its indebtness to the plaintiff on the account sued on; and as its pleadings are to be taken more strongly against it, it is the admission, and not the denial which must prevail."

The defendant had the right to plead non est factum by way of amendment, after the first term (*Hayden* v. *Atlanta Cotton Factory*, 61 *Ga.* 345, citing *Stanton* v. *Burge*, 34 *Ga.* 455; *Aiken* v. *Bartow Co.*, 54 *Ga.* 70; *Cann* v. *Newhouse*, 60 *Ga.* 50), provided there was enough to amend by.   For this reason we apprehend that the trial judge did not strike the plea of non est factum upon the ground that it came too late, but rather upon the other ground of the demurrer, in which it was insisted that the defendant's admission of its execution of the note precluded it from setting up that the execution of the note was not its act nor authorized by it, especially when from the other facts alleged in the plea it was apparent that the city had fully ratified the execution of the note. The plea of recoupment itself was ratification.   Without reference to the allegations of the original answer, the amendment was unintelligible; and if considered in connection with the original answer, it in no wise negatived the allegation that the mayor purchased the boiler in question, and that the city received it and used it, and relied upon the contract made by the city as a defense.   The defendant could not rely upon a contract pleaded by it as a defense, and at the same time deny the execution of the contract.

2.   The controlling question in the case is whether or not, in view of the contract set forth above, the defendant was precluded from relying on any warranty other than that contained therein, to wit: the identity of the article purchased and its conformity to the description contained in the contract, and that it was of first class material and workmanship and capable of performing all the functions for which it was reasonably suited.   If so, the demurrer to those parts of the original answer and the amendments which seek to set up the breach of an implied warranty that the boiler would develop 150 horse-power is well taken.   "An express warranty may be created as a part of a contract of sale, by the use of such terms of description of the article sold as preclude any danger of mistaking or confusing that article with any other. An express warranty is exclusive of all warranties arising by implication." *DeLoach Mill Mfg. Co.* v. *Tutweiler Co.*, 2 *Ga. App.* 493 (58 S. E. 790).   "If an order be given to a manufacturer or dealer for a specific article of a known and recognized kind and description, and if the defined and described thing be actually

supplied, there is no implied warranty that it will answer the purpose for which it is intended to be used. The only implied warranty or condition of the contract is that it will conform to the description and be of good workmanship and material." *Crankshaw* v. *Schweizer Mfg. Co.*, 1 *Ga. App.* 364 (12), (58 S. E. 222); See also *Hawley Down Draft Furnace Co.* v. *Van Winkle Co.*, 4 *Ga. App.* 85 (60 S. E. 1008); *Fain* v. *Ennis*, 4 *Ga. App.* 716 (62 S. E. 466). As was held in the *Hawley* case, supra, "When a known, definitely described article is purchased, the very terms of description used are, generally speaking, so far express warranties as to the kind of article to be supplied, that no implied warranty of its fitness for any particular use intended by the buyer arises, though the seller may be cognizant of the particular use intended." The boiler which is the subject-matter of this controversy was fully and definitely described in the contract, and there is no contention that the boiler furnished by the plaintiff varied in any particular from the descriptions and specifications enumerated, and therefore the plaintiff is precluded from relying on an implied warranty that the boiler would develop 150 horse-power, especially in view of the stipulation in' the contract that the warranties therein contained were exhaustive of all the warranties made by either party.

3. The plea alleging that' the defendant was induced to sign the note and the contract because of fraudulent representations was properly stricken. This plea consisted for the most part of conclusions of the pleader, and did not set forth specific acts constituting fraud, or facts justifying the conclusion pleaded     See *Carroll* v. *Hutchinson*, 2 *Ga. App.* 60 (58 S. E. 309).

4. The plea of failure of consideration was also properly stricken on demurrer. It appeared from the original answer and the other pleadings in the case that the defendant received the boiler, kept it, and used it for more than thirty days without written complaint, and, having agreed in its contract that this conduct should amount to a final acceptance of the engine and a waiver of this defense, the defendant is estopped from relying thereon. *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672 (55 S. E. 1034).

5. After the demurrers had been disposed of, the answer of the defendant amounted to nothing more than an admission that the note had been executed by it, that the identical article which was the consideration therefor had been supplied, that all defects

therein had been waived, and that proper notice authorizing the recovery of attorney's fees had been given. It was therefore within the power of the court to render judgment in favor of the plaintiff for principal, interest, and attorney's fees.

*Judgment affirmed.*