### 3545. SHEPPARD *v.* DANIEL MILLER COMPANY.

1. So far as the pleas of the defendant relate to the original liability of the guarantor, the decision of the trial judge, in striking the defendant's answer, was authorized by the previous ruling of this court in this case (7 *Ga. App.* 760, 68 S. E. 451).

2. Nor did the trial judge err in striking that portion of the defendant's answer in which it was insisted that the guarantor was entitled to an abatement or diminution of his liability, in the amount which the creditor received as his distributive share from the assets of the bankrupt. There was no allegation that the guarantor had complied with his contract of guaranty; and his remedy was to pay the debt, and, by thus becoming a creditor of the bankrupt, become entitled to prove a claim as a creditor, and, as such, share in the distribution of the bankrupt's estate.

3. Construed as a whole, the answer of the defendant (except in so far as it denied liability for attorney's fees) was a practical admission of indebtedness, because the denials contained in it were entirely inconsistent with the admissions made in the same connection, and, under a well-settled rule in such cases, the admissions, and not the denials, must prevail. It being undisputed that the proper notice in regard to the attorney's fees was served, the court did not err in directing the verdict.

DECIDED SEPTEMBER 27, 1912.

Complaint; from Calhoun superior court—Judge Frank Park. June 5, 1911.

*J. R. Pottle, C. L. Glessner,* for plaintiff in error.

*Smith & Miller,* contra.

RUSSELL, J. 1. This case has heretofore been before this court (7 *Ga. App.* 760). In ruling upon the demurrers at that time we held that the measure of the guarantor's liability was fixed by his contract, and that it was no concern of his if the creditor extended credit for a larger amount than that which he guaranteed would be paid. His liability would not be increased beyond the precise

limits of his contract, and certainly it would not be diminished if the creditor himself saw fit to take the risk of an unsecured debt greater in amount than that which the guarantor undertook to secure. So far as the answer of the defendant is concerned, it may well be said that the admissions outweigh the denials, and for that reason the court did not err in striking all of the answer except the paragraph which denied that notice of the claim for attorney's fees had been duly given, as required by law.

To the plaintiff's petition was attached a copy of the contract in which the defendant undertook to guarantee payment to the amount of $1,500 on any goods sold or to be sold by the plaintiff to Fain & Weaver. On its face it stated that it was a continuing contract; and certainly, under its terms, it would be a continuing contract at least until the plaintiff was notified by the guarantor that no further credit was to be extended to Fain & Weaver. Therefore the defendant's denial of the second paragraph of the petition was entirely nugatory, unless the answer specifically denied the execution of the contract and amounted to a plea of non est factum. As the defendant did not deny the execution of the contract, or that the articles of merchandise set forth in the bill of particulars were furnished to Fain & Weaver, he, in legal effect, admitted his execution of the contract and the plaintiff's compliance therewith. Likewise, for the reason that there is no denial of the execution of the contract, those paragraphs in which it is insisted that the contract was not a continuous one fail to set up any issuable defense; and as there was an admission in the answer that an even larger amount of goods than that guaranteed by the defendant had been supplied by the plaintiff to Fain & Weaver, the court properly disregarded the qualified denial to the effect that the goods had not been delivered in accordance with the contract. The ruling of the trial judge upon that portion of the answer which attempted to set up that the liability of the guarantor was affected by reason of the fact that the creditor had sold Fain & Weaver upwards of $3,000 worth of merchandise, when he had only contracted to guarantee the payment of $1,500, was in accord with the ruling of this court in our prior adjudication upon the demurrers.

2. The trial judge did not err in striking that portion of the defendant's answer in which it was insisted that the guarantor was

entitled to an abatement or diminution of his liability, in the amount which the creditor received as his distributive share from the assets of the bankrupt. There was no allegation that the guarantor had complied with his contract of guaranty; and the remedy of the guarantor was to pay the debt, and, by thus becoming a creditor of the bankrupt, become entitled to prove a claim as a creditor, and, as such, share in the distribution of the bankrupt's estate. In fact, the ruling in the present case is controlled by the prior decision of this court, except in so far as the defendant's answer sought to set up the fact that the creditor had received $300.28 from the bankrupt's estate in partial payment of his debt, and claimed this amount as a set-off. As the guarantor had not complied with his contract, he was not a creditor of the bankrupt so far as the subject-matter of the present litigation is concerned. He had not paid out any amount for which the bankrupt was liable to him. Therefore he was not entitled, primarily, to participate in a division of the fund arising from the bankrupt's estate. And the plea was without merit in so far as the answer sought to set up as a defense that his liability to the plaintiff should be diminished at least in proportion to the amount received by the plaintiff from the bankrupt's estate; because his obligation bound him to secure the plaintiff against loss in the sale of goods to Fain & Weaver to the extent of $1,500, and if Fain & Weaver owed a larger sum than the amount guaranteed, it was immaterial whether their creditors collected all or any portion of it in addition to the amount which the guarantor obligated himself to see paid. There was only one way in which the guarantor could have qualified himself to ask that a portion of the assets of the bankrupt should be applied to reduce his liability, and this was by paying the amount which he undertook to guarantee, and thereby subrogating himself to the rights of the original creditor by himself becoming a creditor of the bankrupt. The fact that the plaintiff received a dividend from the bankrupt could not affect the guarantor until the plaintiff had received a sufficient dividend to reduce the debt to less than $1,500. The guarantor was responsible for that sum. The plaintiff in the present case was not a secured creditor, because it does not appear that it had any security upon the property of the bankrupt; and if the guarantor had paid the plaintiff the $1,500 for Fain & Weaver, he would himself have become a creditor

of Fain & Weaver and been entitled to prove his claim. Remington on Bankruptcy, § 635, p. 386. But if the creditor fails to prove his claim and refuses to permit the surety to have the instrument to file with proof of claim, as required by law, the surety, nevertheless, is not released. His remedy is to pay the debt. Remington on Bankruptcy, § 1517, p. 904. As is well 'said in the same work (Id. § 544, p. 384), quoting from the decision in Livingstone v. Heineman, 120 Fed. 789, "a surety, when he assumes the relation, becomes contingently the creditor of the debtor and the debtor of the creditor."

3. The court did not err in striking the paragraphs of the defendant's answer concerning which complaint is made. Taken as a whole, the formal denial of liability was rendered wholly ineffectual by the admission of such material facts as necessarily established a legal liability. *Bedingfield* v. *Bates Advertising Co.*, 2 *Ga. App.* 107 (58 S. E. 320). Upon the issue raised by the answer of the defendant as to attorney's fees, the evidence was not contradicted that the requisite legal notice was properly and timely given; and for this reason there was no error in directing the verdict. 　　　　*Judgment affirmed. Pottle, J., not presiding.*