*J. P. Brooke,* pro se.

*H. M. Broadwell, Mozley & Gann,* contra.

---

## 18213. SOUTHERN CRUSHED STONE & GRANITE CO. *v.* DORN.

1. In a suit on a check, after verdict in favor of the defendant on sufficient evidence admitted without objection, defects in the defendant's plea which were amendable and which were in no way previously brought into question will afford no ground for a motion for a new trial by the plaintiff.
2. In a suit upon an unpaid check, bearing upon its face a notation that it is in full of an indebtedness due to the plaintiff by the defendant, it was permissible to prove by parol evidence that the defendant, at the time of giving the check, was not indebted to the plaintiff in any sum and that the check was a nude pact. The consideration for the check, being stated merely by way of recital, was open to inquiry without a violation of the parol-evidence rule.
(*a*) Moreover, in the present case the recital was contradictory of another notation on the same check, and it was permissible to explain the ambiguity and remove the uncertainty by parol evidence of the actual intention of the parties.
3. A main contractor engaged by the State highway department of South Carolina to build a road in that State is not liable for the price of materials furnished solely upon the credit of another, whom he procured to construct a part of the road as an independent subcontractor.
(*a*) "When one person has sold and delivered goods to another, and the detriments and benefits which constituted the consideration of the contract between them have been suffered and received, and the transaction has thus become fixed as to the reciprocal liabilities, a contract by a third person, not originally bound, to pay the debt thus already preexisting and incurred by the purchaser, is nudum pactum, unless supported by some new consideration."
4. In a suit upon a check the defendant is not estopped to rely upon a plea

Bills and Notes, 8 C. J. p. 1045, n. 78.
Contracts, 13 C. J. p. 703, n. 88; p. 704, n. 91.
Estoppel, 21 C. J. p. 1224, n. 25.
Evidence, 22 C. J. p. 1164, n. 74; p. 1165, n. 77; p. 1197, n. 38.
New Trial, 29 Cyc. p. 761, n. 5, 8.

of want of consideration because, at the beginning of the trial, he admits a prima facie case in favor of the plaintiff. There was no error in refusing a new trial.

DECIDED DECEMBER 17, 1927.

Complaint; from Richmond superior court—Judge A. L. Franklin. May 14, 1927.

*John J. Jones,* for plaintiff.

*Hammond & Kennedy,* for defendant.

BELL, J. Southern Crushed Stone & Granite Company, the payee, brought suit against N. M. Dorn, the drawer, upon a check, a copy of which was attached to the petition, and which with the entries thereon was as follows:

"The Bank of Saluda, Saluda, S. C., September 16, 1925.

"Pay to the order of Southern Crushed Stone Co. $225.00— two hundred twenty-five and no/100 dollars.

[Signed] N. M. Dorn."

[Notations on check]

"This check is in full of what I am due you for material on road project S 569-a, Saluda Co.

"In full of material bought of you by Bramlett & Rozier that was used on road project S 569-a, Saluda Co., S. C. The balance due you by Rozier & Bramlett went to bridge contract and their bond good for balance due you by them."

[Endorsements on check]

"In full of amount due us by N. M. Dorn on project S 569-a, Saluda Co., S. C., for material used on said project by Rozier & Bramlett and we will look to Rozier & Bramlett for balance due on their a/c to us under their bond. [Signed] Southern Crushed Stone Co., by P. P. Blalock Jr.

"Payee must sign on line above."

The petition set forth the cause of action in orderly and distinct paragraphs, numbered consecutively, and in paragraph 3 alleged that the check was given in payment for road material "delivered to the defendant" for use on a certain road project in Saluda county, South Carolina. The defendant made no specific answer to any paragraph of the plaintiff's petition, and pleaded only "that the check or contract sued upon was without consideration moving to this defendant or to any other person, nor was there any consideration moving from, the plaintiff in this case for

the issuance of said check and that it was a voluntary act on the part of this defendant for which he is in nowise liable." The jury trying the case returned a verdict in favor of the defendant, and the plaintiff has excepted to the refusal of its motion for a new trial. The motion as first filed, containing the usual general grounds, was amended by the addition of other grounds, but these were mere amplifications of the original grounds.

The only evidence upon the trial was the testimony of the defendant, which was in substance as follows: The defendant had a contract with the State highway department of South Carolina to build a certain road, for the consideration of about $45,000. He sublet to Rozier & Bramlett the contract for the culverts and pipe lines. The subcontract, amounting to something like $10,000, was approved by the State highway department. · After the completion of the road, the defendant had a settlement with the highway department, after which he had in his hands approximately $2200, less 10 per cent. which was due by him to Rozier & Bramlett. Several bills for materials furnished to Rozier & Bramlett to be used by them in the execution of their subcontract were presented to defendant for payment and he undertook to prorate the amount in his hands to the various creditors of the subcontractors. The plaintiff's claim amounted to $700. The defendant made and tendered to the plaintiff the check sued on, saying "the money is over there for you; I am just trying to protect you people." Upon the plaintiff's agent insisting upon payment in full, the defendant further said, "Bud, let me tell you something, if you don't take that money, I am going to pay another man here that wants his money. I can not wait on you. I am going to settle up with this fellow; I have business somewhere else." This conversation took place in September. The plaintiff's agent, though protesting, physically received the check at that time. The defendant heard nothing more of the matter until the following April, when the check was presented for payment. In the meantime, the money in the defendant's hands belonging to the subcontractors had been paid to one of their other creditors. The plaintiff's debt, as a matter of fact, was for materials actually used in the construction of the road which was the subject-matter of the defendant's general contract with the highway department; but it was the obligation of Rozier & Bramlett

to furnish the particular materials under their subcontract, and the defendant "had nothing to do with it." The defendant further testified: "At the time I gave this check I had the money in bank; it was not mine, I was trying to divide it up among Rozier & Bramlett's creditors; they are from everywhere; I don't know and couldn't say that these people [the plaintiff] lost any hold that they had on Rozier & Bramlett or anyone else from my giving them this check; I shouldn't think that they gave up any rights on account of this that I know of; they didn't have any to give up."

1. The first question for determination is whether the plaintiff was entitled to a verdict on the pleadings. Where a plaintiff, in drafting his petition, complies with the requirements of section 5539 of the Civil Code (1910), allegations not answered are to be taken as true (see also Civil Code (1910), § 5635), and although the defendant may in a single paragraph deny any or all of the allegations, he is not allowed to file a mere general denial commonly known as the plea of general issue. Civil Code (1910), § 5634. The defendant in the present case, while failing to answer the several paragraphs of the plaintiff's petition, did not rely merely upon a plea of the general issue. He undertook to set forth the distinct defense that the check was without consideration; and the plea, being inconsistent with paragraph 3 of the petition to the effect that the check was given for materials "delivered to the defendant," amounted to an implied denial of that averment. It constituted enough to amend by and could have been perfected if any ruling as to its sufficiency had been invoked. In such a case, where the plaintiff suffers a trial to be had upon the merits without demurring or asking for a directed verdict, or otherwise calling the plea into question, and where the jury trying the case return a general verdict in favor of the defendant on evidence admitted without objection and sufficient to establish the defense claimed, the verdict will not be set aside merely because of the imperfections in the plea. *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579). Otherwise where the plea presents nothing except the general issue. *Midland Ry.* v. *Webb,* 20 *Ga. App.* 237 (92 S. E. 972). The rule to which we have just referred will apply in the defendant's favor in this case, both to save him from the consequences of his failure to make answer to

paragraph 3 of the petition and also to cure any defects in the plea, considered as a plea of want of consideration. This implies, of course, that the plea, had objection been raised thereto, could have been amended to meet the objection. It has several times been ruled in effect that where the defendant is in the attitude of both admitting and denying an allegation of the plaintiff's petition, the admission, and not the denial, must prevail; but in each of the cases to which our attention has been called in which this principle was held applicable, the plaintiff, in some appropriate manner, brought the plea under construction before verdict. See *Burns* v. *Condon,* 108 *Ga.* 794 (33 S. E. 907) ; *Williams Mfg. Co.* v. *Warner Sugar Co.,* 125 *Ga.* 408, 411 (54 S. E. 95) ; *Bedingfield* v. *Bates Adv. Co.,* 2 *Ga. App.* 107 (2) (58 S. E. 320) ; *City of Moultrie* v. *Schofield Co.,* 6 *Ga. App.* 464 (65 S. E. 315). Counsel for the plaintiff in error contends that even aside from the failure of the defendant to answer the allegations of the petition, the plea was insufficient as a plea of want of consideration; but since the plea was at least amendable and was not demurred to, it is unnecessary to determine what might have been its fate under other circumstances. But see *Porter Fertilizer Co.* v. *Brewer,* 36 *Ga. App.* 329 (2) (136 S. E. 477).

2. What we have said in the preceding division assumes both that the writings contained in the check were not such that they could not be contradicted or varied by parol testimony and that the evidence was sufficient to show a want of consideration. As to the first of these questions, we think the first notation that the check was in full of what the defendant was due for materials on a certain road project was a statement of the consideration merely by way of recital. Where the consideration in a written contract is stated in such a way as to make it one of the terms of the agreement between the parties, a different consideration can not be shown by parol; but where the consideration is stated merely as a recital of fact, it is open to inquiry. We think the latter rule is applicable in this case, and that it was permissible for the defendant to plead and prove that the instrument sued on was a nude pact. See *Young* v. *Young,* 150 *Ga.* 515 (104 S. E. 149), and cit. Moreover, there seems to be an inconsistency between the first and the second notations as they appear upon the face of the check; the one implying a debt of the defendant and the other in-

dicating a debt of Rozier & Bramlett, the subcontractors, both, however, referring to the same debt. In this view, the writings, when considered as a whole, were contradictory and ambiguous, and parol evidence was admissible to explain the contradiction and remove the ambiguity by proving the true intention of the parties. *Cable Co.* v. *McFeeley,* 7 *Ga. App.* 435 (66 S. E. 1103) ; *McCalla* v. *McCalla,* 48 *Ga.* 503 (2) ; *Earle* v. *Sayre,* 99 *Ga.* 617 (2) (25 S. E. 943) ; *Ga. Iron &c. Co.* v. *Ocean Accident &c. Co.,* 133 *Ga.* 326 (65 S. E. 775) ; Civil Code (1910), §§ 4268 (1), 5789.

3. The defendant's testimony authorized the inference that Rozier & Bramlett were independent contractors and that the materials were furnished to them solely upon their credit, so that the case falls within the principle ruled in *United Painting &c. Co.* v. *Dunn,* 137 *Ga.* 307 (73 S. E. 492). In that case it was held that a contractor engaged by the owner to erect a building and having the duty of furnishing the materials was in no sense the agent of the owner, and that the owner was not liable to a creditor of the contractor for the price of materials sold to him for use in the construction of the building. While the defendant here had money in his hands belonging to Rozier & Bramlett, it was not placed with him for the purpose of paying the creditors of this firm. His sole liability was to Rozier & Bramlett, whose money he held, and his undertaking to pay it to others was purely voluntary. A promise to pay a pre-existing debt of another, without any detriment or inconvenience to the creditor or any benefit to the debtor or the promisor in consequence of the undertaking, is a nudum pactum. *Davis* v. *Tift,* 70 *Ga.* 52 (2) ; *Wright* v. *Threatt,* 146 *Ga.* 778 (92 S. E. 640, L. R. A. 1918C, 541) ; *Saul* v. *Southern Seating &c. Co.,* 6 *Ga. App.* 843 (65 S. E. 1065). The giving of this check caused no loss, detriment, or inconvenience to the plaintiff, and no benefit was secured either to the defendant or to Rozier & Bramlett. The notations on the check would have become binding on the plaintiff as a contract only upon its indorsing the check and collecting the money thereon. This was the clear intention of the parties. *Russell* v. *Smith,* 97 *Ga.* 287 (23 S. E. 5). Under the evidence, the jury were authorized to find in favor of the plea of want of consideration. This case is to be distinguished from *Ledbetter* v. *McGhees,* 84 *Ga.* 227

(10 S. E. 727), in which the person sought to be held had received the money from the subcontractor for the specific purpose of paying it to the plaintiff, under a contract between all three that he would do so.

4. The verdict in the defendant's favor is not unwarranted or illegal merely because the defendant, at the beginning of the trial, admitted a prima facie case in favor of the plaintiff and claimed, and was granted, the right to open and conclude. This was not an admission that the check was based upon a valuable consideration. The check, being a negotiable instrument, imported a consideration, and the plaintiff would have made out a prima facie case by introducing the check in evidence and showing presentation and non-payment. *Purcell* v. *Armour Packing Co.*, 4 *Ga. App.* 253 (3) (61 S. E. 138); *Hobbs* v. *Citizens Bank of Wrens*, 32 *Ga. App.* 522 (3) (124 S. E. 72). The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*