### 18837. Short *v.* Jordan.

Jenkins, P. J. 1. While it has been held that where a plea and answer fail to set up any ground of defense, the court may, at any stage of the trial, give the case such direction as will disregard the plea (*Bedingfield* v. *Bates Advertising Co.*, 2 *Ga. App.* 107 (3), 58 S. E. 320), and that this is true although no demurrer has been interposed to the plea, and evidence has been admitted without objection in support of

the plea (*Williams Mfg. Co.* v. *Warner Sugar Refining Co.*, 125 *Ga.* 408, 54 S. E. 95), yet where the defense pleaded is good in substance, although defectively set forth, such direction should not be given the case as will disregard the plea, in the absence of a special demurrer pointing out such defects. *Higginbotham* v. *Conway*, 113 *Ga.* 1155 (39 S. E. 550). In the instant suit against one admitted to be a surety on a promissory note, the plea, which set up that the time of payment of the note was extended by the plaintiff, and that such act on the part of the plaintiff increased the liability of the defendant and operated to discharge him, was good in substance, and the court was not authorized, in the absence of a demurrer pointing out any defect therein, to disregard the plea and direct a verdict for the plaintiff upon the theory that no valid defense had been interposed. *Hart* v. *Phenix Insurance Co.*, 113 *Ga.* 859 (2) (39 S. E. 304); *Wortham* v. *Sinclair*, 98 *Ga.* 173 (2) (25 S. E. 414).

2. Where, after the maturity of a promissory note, the payee and holder accepts from the maker interest in advance, such payment and acceptance operate, in the absence of a stipulation to the contrary, to extend the time for payment of the note until the expiration of the period through which interest is paid in advance; and where such an extension of time is made without the consent of a surety upon the note, it discharges him. Civil Code (1910), § 3544; *Scott* v. *Saffold*, 37 *Ga.* 384 (1); *Randolph* v. *Fleming*, 59 *Ga.* 777 (2), 779.

3. It appears, without dispute, from the testimony of the plaintiff payee, that upon the maturity of the note sued on, which bore interest only after maturity, she permitted the principal debtor to pay the interest and "let it run on." While it does not appear for what period or to what date the interest was paid, since the note bore no interest until after maturity, any payment of interest made by the principal debtor at the maturity of the note was necessarily an advance payment of interest, and operated to extend ·the time for payment to whatever date the interest was thus paid. The plaintiff testified that the first notice she gave the surety about the note was about three months after it became due, and the defendant testified that he had no knowledge that the note was not paid until that time. It is, therefore, inferable, from the evidence, that the defendant surety did not consent to the extension of time granted to the principal. ' Accordingly, the court erred in directing a verdict in favor of the plaintiff and against the defendant surety. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*Robert B. Short,* for plaintiff in error. *R. D. Welch,* contra.