32919.   TRIPPE *v.* POTTER.

Decided July 3, 1950.

*C. Donald Lowrie*, for plaintiff in error.

*L. C. Dotson*, contra.

MacINTYRE, P. J. ■ Grounds of a motion for a new trial which are not insisted upon will be treated as abandoned. See Code (Ann.) § 6-1308 and many cases cited under catchword "Abandoned." Special ground 3, complaining of the court's charge to the jury, is so treated.

■ The remaining assignments of error are based upon the general grounds of the motion for a new trial and two special grounds complaining of the exclusion of evidence, and there being no assignment of error upon the direction of the verdict, this court has no authority to decide whether the trial court erred in so directing. *Kelley* v. *Cartledge*, 151 *Ga*. 179 (106 S. E. 93); *Head* v. *Towaliga Falls Power Co.*, 27 *Ga. App*. 142 (107 S. E. 558); *Dickenson* v. *Stults*, 120 *Ga*. 632 (48 S. E. 173); *Stone* v. *Hebard Lumber Co.*, 145 *Ga*. 729 (89 S. E. 814).

■ Special grounds 1 and 2 of the motion for a new trial assign error upon the exclusion of certain specified evidence offered by the defendant in fi. fa., which, he contends, would have sustained the allegations of his affidavit of illegality. Under the allegations of the defendant's affidavit of illegality as amended, the defendant contends that under the terms of the conditional-sales contract, which was foreclosed, he purchased the plaintiff's business, known as Jacksonian Advertising Company for the total price of $3600 to be paid as follows: $600 as a down payment; $360.50 to be paid by the defendant to Cox Printing Company for the benefit of the plaintiff and to be deducted from the purchase-price; $940.50 to be paid by the defendant to Frohman Printing Company for the benefit of the plaintiff and deducted from the purchase-price; and the defendant was to pay all costs incurred in fulfilling certain outstanding contracts between the Jacksonian Advertising Company and its customers as of the date of the conditional-sales contract, and these costs of fulfilling these outstanding contracts were to be paid by the defendant

and deducted from the purchase-price. There were also allegations in the nature of a partial failure of consideration.

While it is true that the court is authorized to disregard an answer which is unresponsive to the plaintiff's petition or an answer which does not contain a bona fide defense against the claims of that petition, and this may be done at any stage of the trial, (*Bedingfield & Company* v. *Bates Advertising Co.*, 2 *Ga. App.* 107, 58 S. E. 320) ; and while it is true that confronted with such an answer, the court may even direct a verdict in favor of the plaintiff although such answer has not been demurred to and evidence has been introduced to support it (*Williams Mfg. Co.* v. *Warner Sugar Refining Co.*, 125 *Ga.* 408, 54 S. E. 95) ; the affidavit of illegality in this case is not subject to either of these two criticisms. The defendant's affidavit of illegality contained a plea of payment or performance, a plea of partial failure of consideration, and a plea of recoupment. These pleas were good in substance. *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177) ; *Lufburrow* v. *Henderson*, 30 *Ga.* 482. There was no demurrer to the affidavit of illegality as amended, and no exception is before us here to the allowance of the amendment. The court's ruling sustaining the special demurrers to the original affidavit of illegality was conditional; that is, the special demurrers were to be sustained unless the defendant amended to comply with the court's order to particularize the items of costs involved in fulfilling the outstanding contracts. The defendant complied with the court's order. There was no ruling on the general demurrer by the court. Under these circumstances the pleadings stood as though no demurrer had been filed, and while the court's ruling on the special demurrers did not establish as the law of the case, that the affidavit of illegality set forth a cause of action, as the defendant contends, the defendant was entitled to prove his case as laid. *Kelly* v. *Strouse*, 116 *Ga.* 872 (2) (43 S. E. 280) ; *Cook County* v. *Thornhill Wagon Co.*, 189 *Ga.* 360 (5 S. E. 2d, 881) ; *Livingston* v. *Barnett*, 193 *Ga.* 640 (19 S. E. 2d, 385). It follows that the court erred in excluding the evidence specified in grounds 1 and 2 of the motion for a new trial, as this evidence, had it been admitted would have tended to support the allegations of the defendant's affidavit of illegality as amended. This

error in excluding this evidence rendered the further proceedings nugatory.

*Judgment reversed. Gardner and Townsend, JJ., concur.*