### HART *v.* PHENIX INSURANCE COMPANY.

1. A defense the validity of which depends upon the terms and conditions embraced in a written contract is not well set forth by an answer which does not even in substance state the contents of that contract.
2. A mere general averment that a given act of a corporation was ultra vires is not, as against a proper special demurrer, good.
3. Points made in a bill of exceptions but not insisted upon in the Supreme Court will be treated as having been abandoned, the more especially when the brief of counsel for the plaintiff in error indicates an actual intention to abandon.
4. An assignment of error which is so general that, even when considered in connection with the record, it does not present for decision a particular question, is insufficient to invoke from the Supreme Court a ruling upon that question.

Argued June 5, — Decided July 19, 1901.

Complaint. Before Judge Reid. City court of Atlanta. September 29, 1900.

*John B. Suttles* and *Felder & Rountree*, for plaintiff in error.
*Slaton & Phillips*, contra.

LUMPKIN, P. J. The Phenix Insurance Company of Brooklyn brought against Mrs. B. D. Hart an action upon promissory notes payable to the Southern Messenger Service, or order, to which the plaintiff claimed title as assignee. One of these notes was for a stated principal sum, and the others were coupon interest notes. The main note contained a stipulation that a specified default in paying interest would, at the holder's option, mature the whole debt; and the petition alleged that such default had occurred. Mrs. Hart filed an answer which embraced nothing more than a general denial of the plaintiff's demand, and averments of inability, from want of sufficient information, to answer paragraphs which related to matters apparently within her personal knowledge, with no explanation of her alleged ignorance with respect thereto. This answer was met by a proper demurrer; and counsel for the defendant, evidently recognizing that the demurrer was good, filed, under leave of the court and subject to the demurrer, an amendment to the answer. To this amendment counsel for the plaintiff demurred, both generally and specially; and the court, after allowing further opportunity to amend, of which the defendant's counsel declined to avail themselves, passed an order striking the answer and rejecting the amendment, and also rendered a judgment in the plaintiff's favor. The defendant thereupon sued out a bill of exceptions, specifically assigning error upon the order just mentioned, and in the most general terms complaining of the judgment. Briefly stated, the substance of the proposed amendment to the answer was: Defendant held a policy in the plaintiff company which she delivered to the Messenger Service to secure the payment of the notes sued on. The insured property was destroyed by fire, and the insurance company, under an agreement with the Messenger Service, by the terms of which proof of loss was dispensed with, paid to the Messenger Service the amount of the notes, which were delivered to the company and subsequently assigned to it without recourse on the Messenger Service. By reason of these facts and others set forth, the defendant was prevented from presenting to the insurance company, within sixty days after the occurrence of the fire, a proof of loss. The acquirement by the insurance company of the notes in question was an ultra vires act. In point of fact, the company did not purchase

the notes, but paid them off, and taking the assignment thereof was an afterthought. The terms and conditions of the insurance policy were not set forth, nor was there any allegation of liability by the company to the defendant upon the policy.

1. It is obvious from the foregoing that the amendment to the answer did not show that Mrs. Hart suffered any injury or was deprived of any right by the plaintiff. She could not do this without first showing what, relatively to both the insurance company and the Messenger Service, her rights in the premises were. This she could not possibly do without setting forth the terms and conditions of the policy itself. The privilege of so doing was embraced in the court's offer to which allusion is made above. This offer was declined, and the proper result followed.

2. The loose and general allegation that the plaintiff's act in acquiring the notes was ultra vires was not sufficient to withstand the plaintiff's special demurrer on this point, whereby the defendant was distinctly called upon to show how this act was ultra vires. Even if it was the right of the defendant to raise this question at all, certainly it was incumbent upon her to meet the special demurrer by setting forth at least one good reason why the plaintiff could not lawfully purchase the notes. The court extended to the defendant an opportunity to do this, but it was not acted upon.

3. If there was any merit in the averment that the insurance company did not really purchase the notes, but, after paying off and discharging them, took the alleged assignment as an afterthought, the point was not insisted on in this court. On the contrary, counsel of Mrs. Hart in their brief treat the assignment as actual. We quote from it the following expressions: "The insurance company stands upon the same footing as the payee of the note." "The note was *assigned,* and not *endorsed* in this case." "The coupon notes, which were a part of the note, were past due and unpaid at the time of the transfer of said notes and said coupons." "The whole debt was due, therefore, when the insurance company bought the note." The word "note," as used in the above extracts, was evidently intended to designate the principal or main note.

4. Under the general exception to the judgment to which we referred above, it was argued here that it was not correct as to amount, and also that, as the contract sued on was not unconditional, the court had no authority to render a judgment thereon

without the intervention of a jury.   The bill of exceptions fails signally to show that any such points were made in and passed upon by the trial court.   But for the statements in the brief of counsel for the plaintiff in error, there would be no ground for even surmising that anything of the kind occurred.   *Collins* v. *Carr,* 111 *Ga.* 867, and cases cited.

*Judgment affirmed.   All the Justices concurring.*