## 66. YOUNG *v.* DARIEN AND WESTERN RAILROAD CO.

1. Continuances are always addressed to the sound discretion of the court, and where a justice refused a continuance of an appeal to a jury, asked for at the second term after the appeal was entered, because of the unexplained absence of the plaintiff, the continuance having been objected to by the defendant, there was no abuse of his discretion.
2. It not appearing that the report of the killing of the cow of the plaintiff was made by an agent of the defendant company with authority to bind the company, the justice did not commit error in refusing to allow the auditor of the company to testify that a report was made of the killing.
3. An assignment of error complaining of the judgment of the court, without specifying with particularity the error claimed to exist in the judgment, is not such an assignment of error as will be considered by this court.

Certiorari, from McIntosh superior court—Judge Seabrook. May 29, 1906.

Submitted February 6,—Decided February 28, 1907.

*Charles M. Tyson,* for plaintiff.

*W. deR. Barclay, Robert M. High,* for defendant.

HILL, C. J. Brailsford Young sued the Darien and Western Railroad Company in a justice's court, for damages for killing

his cow. The justice rendered judgment in favor of the plaintiff, and the defendant entered an appeal to a jury. The appeal case was, by consent of the parties, continued for the first term. At the second term the plaintiff's counsel asked for a further continuance, on account of the absence of the plaintiff. No reason whatever was given, explanatory of his absence, and the justice refused to continue the case over the objection of counsel for defendant.

1. Continuances are addressed to the sound discretion of the court, and there does not seem to have been any abuse of such discretion in refusing to allow a continuance in this case. Section 5137 of the Civil Code, cited by plaintiff in error, contains a restriction of the discretion of the court as to the continuance of an appeal case. It does not confer the right to have an appeal case continued for two terms, or even for one, except in the discretion of the court.

2. An assignment of error was based upon the refusal of the justice to allow the auditor of the defendant company to testify whether any report had been made of the killing of the cow sued for on or about the time alleged. This testimony was objected to and excluded upon the ground that there was better evidence, to wit, the written report, if such had been made. If the report was in writing, it should have been produced. And whether in writing or verbal, to have made the report admissible as against the defendant, it should have been alleged and proved that it was made by an agent of the company, authorized to make an investigation of the killing and to report the facts to the company, and to bind the company by such admission. This was not shown, and the justice did not err in excluding the testimony.

3. The assignment of error in the judgment of the superior court, dismissing the certiorari because the judgment included the costs of the justice's court, does not specifically set forth the error in said judgment. The assignment specifies the decision complained of, but does not with sufficient particularity allege the error claimed to exist in the decision. For this reason, this court will not pass upon the ruling complained of in this assignment of error. *Hart* v. *Phœnix Ins. Co.,* 113 *Ga.* 859. We therefore affirm the judgment of the superior court in overruling the certiorari. *Judgment affirmed.*