*C. L. Redman, A. C. Corbett,* for plaintiff.

*McElreath & Scott,* for defendant.

---

## 14554.   LESTER *v.* ROGERS.

STEPHENS, J.   1. A suit to recover a certain sum of money in an amount within the jurisdiction of the municipal court of Atlanta, although predicated upon so-called salary assignments which are invalid under the act of 1904 (Ga. L. 1904, p. 79, sec. 17; Civil Code (1910), § 3465), because such assignments assign future and unearned salary, is within the jurisdiction of the municipal court of Atlanta, and, despite the invalidity of the assignments, the judgment is nevertheless a valid and legal one.   A judgment rendered by a court of competent jurisdiction is until reversed and set aside valid and enforceable although the court in rendering it may have erred in adjusting the rights of the parties.

2. Although the rights of the holder of the assignment sued upon, which are in writing, do not appear to have been transferred or assigned to the plaintiff, this defect is not fatal to the validity of the suit or a judgment rendered therein, since the plaintiff's right to recover by a valid transfer is a matter capable of proof, and such proof is permissible under the pleadings here, which is the same as is allowed in a justice's court, as provided in section 36 of the act creating the municipal court of Atlanta (Ga. L. 1913, p. 145), although there is no petition filed containing any allegation as to the plaintiff's title, but suit is commenced by a summons with copies of the salary assignments sued on attached.

3. Under section 46 of the act creating the municipal court of Atlanta, as amended by an act approved August 20, 1918 (Ga. L. 1918, p. 348), the judgment rendered without proof of the plaintiff's case upon the defendant's default is not illegal, since the suit is not one for unliquidated damages.

4. The contention of the defendant, that it appears from the copies of the written assignment attached to the plaintiff's summons that, on account

of the invalidity of some of the assignments, no valid cause of action is set out, and that for this reason the judgment rendered is invalid, is without merit. It appearing that one of the assignments sued on and attached to the summons is not invalid under the act of 1904, supra, or for any other reason, the plaintiff shows a cause of action; and the judgment rendered thereon, even though for a larger amount than the plaintiff was entitled to recover, is a valid judgment, and cannot be attacked for invalidity, upon a motion to set aside the judgment.

5. A judgment on default having been rendered against the defendant, the judge of the municipal court did not err in striking, on demurrer, the defendant's motion to set aside the judgment, and the judge of the superior court did not err in overruling the defendant's certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1924.

Certiorari; from Fulton superior court—Judge Bell. March 29, 1923.

*Jackson & Echols,* for plaintiff in error.

*E. M. Habersham, W. I. Heyward,* contra.