15654.   HOBBS *v.* CITIZENS BANK OF WRENS.

1. Fairly construed, an averment in an action upon a note, that the defendant executed and delivered the note to the petitioner, would imply that the note was payable either to the plaintiff or to bearer, and not that it was payable to a third person. This is so even under the general rule that a pleading is to be construed most strongly against the pleader.

2. A promissory note is a negotiable instrument. Civil Code (1910), §§ 4270, 4273; *Reed* v. *Murphy,* 1 *Ga.* 236; *Lynch* v. *Goldsmith,* 64 *Ga.* 42.

3. A promissory note being negotiable by the law merchant, it is not necessary in a suit thereon to aver or prove that it was founded upon a consideration. A consideration will be presumed unless the contrary is made to appear. *Purcell* v. *Armour Packing Co.,* 4 *Ga. App.* 253 (3) (61 S. E. 138), and authorities therein cited. See also *Jones* v. *Winstead,* 186 N. C. 536 (120 S. E. 89).

4. Under the ruling in paragraph 1 above, it sufficiently appeared by the petition in this case that the plaintiff was the owner of the note upon its execution and delivery. There is no presumption that the plaintiff did not continue to own it merely because it was a negotiable instrument. Where title to property, even a promissory note, is shown to have been at one time in a certain person, his ownership is presumed to continue until the contrary appears. *Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424) ; *Russell* v. *Morris,* 134 *Ga.* 65 (2) (67 S. E. 404) ; *Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (2) (89 S. E. 161); *Branch* v. *American Agricultural Chemical Co.,* 22 *Ga. App.* 52 (2) (95 S. E. 476) ; *Sasser* v. *Byrd,* 8 *Ga. App.* 824 (70 S. E. 157).

5. Mere lapse of time short of the period fixed by the statute of limitations as a bar to a suit on a note will not of itself (that is, in the absence of other circumstances) raise a presumption of payment. *Milledge* v. *Gardner,* 33 *Ga.* 397 (1), 401; *Tumlin* v. *Guest,* 31 *Ga. App.* 250 (2) (120 S. E. 442). "Payment is an affirmative defense which should be set up and proved by the defendant." *Christian* v. *Bryant,* 102 *Ga.* 561

(27 S. E. 666); *Armour* v. *Bluthenthal*, 9 *Ga. App.* 707 (3), 712 (72 S. E. 168); *Douglas* v. *Stephens*, 27 *Ga. App.* 485 (2), 488 (108 S. E. 833); *Lanier* v. *Huguley*, 91 *Ga.* 791 (1), 793 (18 S. E. 39); *Haywood* v. *Lewis*, 65 *Ga.* 221 (2).

6. Under the foregoing rulings it sufficiently appeared, as against objection in the nature of a general demurrer, that the defendant was indebted to the plaintiff on the note upon which the action was brought, although there was no express averment of such indebtedness.

7. All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them; if payable on demand, from the time of the demand. *In case of promissory notes payable on demand, the law presumes a demand instantly, and gives interest from date.* Civil Code (1910), § 3434. Bills, notes, or other paper, payable on demand, are due immediately. Civil Code (1910), § 4292.

8. No answer having been filed, the present action was marked in default at the return term. Prior to verdict and at a subsequent term the defendant filed written objections to the rendition of any verdict against him, because, as averred therein, the petition failed to set forth a cause of action. See *Kelly* v. *Strouse*, 116 *Ga.* 872 (5) (43 S. E. 280); *O'Connor* v. *Brucker*, 117 *Ga.* 451 (3) (43 S. E. 731). He has excepted to the action of the court in striking such pleading and to the direction then of a verdict against him, the same being for principal, interest, and attorney's fees. *Held:*

(a) The defendant, as the plaintiff in error, is certainly in no better position than he would have been if excepting to the overruling of a general demurrer. The test of the sufficiency of the petition as against a general demurrer is whether the defendant can admit all the obligations contained therein and at the same time escape all liability. *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (7) (122 S. E. 327).

(b) The overruling of a general demurrer does not adjudicate that the petition is good in every part, or that the plaintiff is entitled to recover the entire sum claimed, but that the petition is not wholly bad. *Georgia Railway & Electric Co.* v. *Town of Decatur*, 29 *Ga. App.* 653 (7) (116 S. E. 645); *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (5) (116 S. E. 922). A pleading of that nature is properly overruled if any part of the petition sets out a legal cause of action. See *Port Wentworth Terminal Corporation* v. *Leavitt*, 24 *Ga. App.* 650 (101 S. E. 766). Striking it is the equivalent of overruling it.

(c) Accordingly, since a cause of action was set forth as to principal and interest, the judgment of the trial court, striking the pleading designed to prevent *any* verdict and judgment being rendered against the defendant and attacking the petition as a whole, will not be reversed, "whether or not the recovery of attorney's fees was unauthorized under the pleadings in the case." If so much of the judgment as awards attorney's fees was unauthorized, proceedings to amend the judgment or vacate it in part might lie, whereby that which was good might be preserved and that which was bad might be removed; but where part is good and a part bad, and the motion was an attack upon the judgment as a whole, the motion was properly overruled or dismissed. This decision

affirming the judgment of the court below is not to be so construed as to have the effect of precluding the plaintiff in error from instituting appropriate proceedings for the purpose of having the judgment amended by striking therefrom so much thereof as awards attorney's fees against the defendant, if, upon the hearing of the application to amend, it should appear that judgment for attorney's fees was unauthorized. *Shahan* v. *Myers,* 130 *Ga.* 724 (61 S. E. 702).

(*d*) As to the sufficiency of the averments for the recovery of attorney's fees, see *Rawleigh Medical Co.* v. *Burney,* 22 *Ga. App.* 492 (96 S. E. 578).

DECIDED JULY 22, 1924.

Complaint; from Warren superior court—Judge Shurley. April 10, 1924.

*B. F. Walker,* for plaintiff in error. *L. D. McGregor,* contra.

BELL, J. The Citizens Bank of Wrens, Ga., a corporation, filed suit in the superior court of Warren county against F. A. Hobbs upon five promissory notes. The petition contained five counts, one for each note. To neither count was there attached any copy of the note sued. The first count was as follows:

"1. That the said F. A. Hobbs is a resident of Warren county, Georgia.

"2. That the said F. A. Hobbs did upon the 11th day of November, 1920, execute and deliver to your petitioner his promissory note for the principal sum of $553.00, the same being due upon demand, with interest at the rate of 8% per annum.

"3. That your petitioner has demanded of the said F. A. Hobbs the payment of the above-described promissory note, and payment has been refused.

"4. That the above-described note contained a provision that if said note was collected by suit or placed in hands of an attorney for collection, the defendant would pay 10 per cent. attorney's fees, together with said principal and interest; that on the 30th day of August, 1923, petitioner did deposit in the United States mail, with sufficient postage thereon, and did register the same, addressed to the said F. A. Hobbs, a notice in writing that it was the intention of the petitioner to bring suit on said note to the October term, 1923, of Warren superior court, and that unless the defendant paid said note on or before the return day of said court, which was on the 11th day of September, 1923, that in such event petitioner would claim the attorney's fees as expressed in said note, and that

the defendant has failed and refused to pay said note or any part thereof.

"Wherefore petitioner prays judgment against the defendant upon said promissory note for the principal sum, interest, and attorney's fees due thereon."

Each of the other counts was in the same form, except as to the amount and date of the notes, and except also in the fact that in each of the remaining counts it was alleged that the note bore interest at 8 per cent. per annum *from date,* while in the first count, as will have been noticed, it was not alleged from what date the note was to bear interest.

The case was marked in default at the appearance term, but the defendant, before verdict, filed a written motion that the court should "refuse rendering any judgment against defendant," or, if the case should be submitted to a jury, that the court should "charge and instruct the jury that they would not be authorized to render a verdict in said case against this movant," the grounds of which were as follows: "1. Because there is not sufficient allegation made and alleged in plaintiff's petition to authorize a verdict for any amount against defendant. 2. Because, under all the allegations in plaintiff's petition, there is no legal cause of action set out, nor any legal reason for passing or giving a judgment or verdict against defendant. 3. Because no allegation of the required statutory written notice being given so as to make the attorney's fees recoverable. 4. Nowhere is it alleged that defendant is indebted to plaintiff in any amount upon said notes. No allegation that said notes were non-negotiable." The court passed an order dismissing this motion, and thereupon directed a verdict in favor of the plaintiff for principal, interest, and attorney's fees. To each of these judgments the defendant excepted.

Under the authorities cited in the headnotes, we are of the opinion that the petition set forth a cause of action in each count. The headnotes are framed with reference to the first count, but the rulings made therein are controlling alike upon every other count.

It will be observed that the motion attacked the petition as a whole, and the assignments are upon the verdict and judgment as a whole. It is true that in paragraph 3 of the defendant's motion it is insisted that there is "no allegation of the required statutory

notice being given so as to make the attorney's fees recoverable," but this is merely one of the reasons assigned in the motion why the court should "refuse rendering any judgment against the defendant," or should charge and instruct the jury that they would not be authorized to render a verdict against him. Such general attack upon the entire petition does not raise for decision the question as to whether the petition was bad in some specific part, or, to be more definite, whether it contains sufficient averments for the recovery of the distinct item of attorney's fees. The motion was in the nature of a general demurrer or oral motion to dismiss, and such a motion is properly overruled where the petition sets forth a cause of action as to any item sued for. It may be true that the averments are insufficient for the recovery of attorney's fees (*Rawleigh Medical Co.* v. *Burney,* 22 *Ga. App.* 492, 96 S. E. 578), but this would not have afforded a reason for refusing to permit *any* verdict and judgment to be rendered in favor of the plaintiff; and therefore the defendant's motion was properly denied. On the question of practice, see the following, in addition to the decisions cited in headnote 8: *Gainesville Midland Railway* v. *Jackson,* 1 *Ga. App.* 632, 635 (57 S. E. 1007); *Hart* v. *Phenix Insurance Co.,* 113 *Ga.* 859 (4) (39 S. E. 304); *Patterson* v. *Beck,* 133 *Ga.* 701 (1), 706 (66 S. E. 911); *Ætna Insurance Co.* v. *Peavy,* 9 *Ga. App.* 759 (2) (72 S. E. 300); *Lester* v. *Rogers,* 31 *Ga. App.* 590 (4) (121 S. E. 582).

What we have just said applies equally to a contention made in the supplementary brief of the plaintiff in error, that the verdict and judgment for interest and attorney's fees were excessive, under a proper calculation, even assuming that attorney's fees were recoverable.

It follows that the judgment of the trial court in dismissing the defendant's motion must be affirmed; but the judgment of affirmance is not to be so construed as to preclude the plaintiff in error from instituting appropriate proceedings for the purpose of having the judgment amended by striking therefrom so much as awards attorney's fees, or any excess in the attorney's fees or the interest, if upon the hearing of the application to amend it should appear by the record that the judgment was in part illegal.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*