### HICKS v. THE STATE.

HILL, J. 1. The evidence authorized the verdict finding the defendant guilty of the crime of murder.

2. Ground 3 of the amended motion for new trial complains that the court "did not fully and fairly charge the jury with reference to his defense, insanity." There was no request for any additional charge on the subject, and it is not pointed out in this ground of the motion for new trial wherein the charge as given on the subject was not "full" and "fair." The criticism upon the charge was too indefinite, and fails to allege cause for a reversal. *Groover* v. *Inman*, 60 *Ga.* 406 (5); *Hart* v. *Phenix Ins. Co.*, 113 *Ga.* 859 (4) (39 S. E. 304); *Patterson* v. *Beck*, 133 *Ga.* 701, 703 (66 S. E. 911).

3. Ground 4 of the amended motion for new trial complains that the court "did not fully and fairly charge the jury in reference to the law regarding admissions or confessions." This criticism upon the charge is also too indefinite, and fails to allege cause for a reversal.

4. In so far as any of the assignments of error were sufficient to raise a question for decision, the judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 6312. APRIL 11, 1928. REHEARING DENIED MAY 19, 1928.

Murder. Before Judge Howard. Fulton superior court. October 15, 1927.

*Charles W. Anderson* and *Judson Andrews,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general,* and *J. Walter LeCraw,* contra.